MAGER v DEPARTMENT OF STATE POLICE

Docket No. 111589. Decided June 22, 1999. On application by the defend-
ants for leave to appeal, the Supreme Court, in lieu of granting
leave, reversed the judgment of the Court of Appeals.

Fred Mager sought the names and addresses of persons who own reg-
istered handguns from the State Police. The request was denied on
the ground that the plaintiff was seeking private information that
could be withheld under an exemption found in the Freedom of
Information Act. Thereafter, the plaintiff brought an action in the
Ingham Circuit Court, Peter D. Houk, J., which granted summary
disposition for the department. The Court of Appeals, MICHAEL J.
KELLY, P.J., and REILLY and JANSEN, JJ., reversed in an unpublished
opinion per curiam (Docket No. 197222). The department seeks
leave to appeal.

In an opinion per curiam, signed by Chief Justice WEAVER, and
Justices BRICKLEY, KELLY, TAYLOR, CORRIGAN, and YOUNG, the Supreme
Court held:

Gun ownership is information of a personal nature, disclosure of
which would constitute a clearly unwarranted invasion of an indi-
vidual's privacy. Thus, the statutory exemption stated in MCL
15.243(1)(a); MSA 4.1801(13)(1)(a) is applicable in this case, and
the Department of State Police did not violate the law when it
refused to provide the gun-registration information requested by
the plaintiff.

1. Disclosure of information under the FOIA has been the consis-
tent outcome where citizens seek to learn about government
employees and their work. The FOIA is a prodisclosure statute with
narrowly construed exemptions under which ordinary public
records must remain available. Gun ownership, however, is infor-
mation of a personal nature, disclosure of which would constitute a
clearly unwarranted invasion of privacy.

2. A court must balance the public interest in disclosure against
the interest the exemption was intended to protect. In this case, it
is certain that any reasonable balancing would find disclosure to be
unwarranted. Fulfilling a request for information about private citi-
zens, a request entirely unrelated to any inquiry regarding the inner
working of government or how well the Department of State Police

is fulfilling its statutory functions, would be an unwarranted invasion of the privacy of those citizens.

Justice CAVANAGH concurred in the result only.

Reversed.

*Daniel G. Bambery* for plaintiff.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Thomas Quasarano,* Assistant Attorney General, for defendants-appellants.

PER CURIAM. Plaintiff requested that the State Police provide the names and addresses of persons who own registered handguns. The State Police denied the request on the ground that plaintiff was seeking private information that could be withheld under an exemption found in the Freedom of Information Act. When plaintiff sued, the circuit court granted summary disposition in favor of the State Police. The Court of Appeals reversed, but we reinstate the judgment of the circuit court.

I

As indicated, this case arises under the Michigan Freedom of Information Act.[1] The issue is whether the Department of State Police is required by the FOIA to disclose the names and addresses of persons who have complied with the statutory[2] requirement that handguns be registered.

Plaintiff assertedly has a legitimate political interest in the information—he is said to advocate a change in

---

[1] MCL 15.231 *et seq.;* MSA 4.1801(1) *et seq.*

[2] MCL 28.429, 750.228; MSA 28.97, 28.425. This case does not concern the permit that one can obtain under MCL 28.426; MSA 28.93 for carrying a concealed weapon.

Michigan law regarding the carrying of firearms, and he wants to recruit other gun owners to his cause.

In February 1996, plaintiff made his request to the State Police:

> Please provide the names[,] addresses and phone numbers[3] of the persons who have recently been issued a pistol safety certificate. I understand that only the most recent information is on computer and easily retrievable. Please provide the information as far back as your computer records go, on 3.5″ diskette, comma delimited, ASCII format.

The State Police denied the request in early March 1996. In doing so, the department cited the privacy exemption found in MCL 15.243(1)(a); MSA 4.1801(13)(1)(a).[4] That provision allows a public body to exempt from disclosure as a public record

> [i]nformation of a personal nature where the public disclosure of the information would constitute a clearly unwarranted invasion of an individual's privacy.

A revised request from plaintiff in May 1996 was denied by the State Police several days after it was received.

In June 1996, plaintiff filed this FOIA action in circuit court. He also moved for summary disposition under MCR 2.116(C)(10).[5] Defendant responded to that

---

[3] Responding to this request, the State Police said that department records do not include telephone numbers. The present case thus concerns only names and addresses.

[4] In denying plaintiff's request, the State Police also cited subparagraphs concerning the need of law enforcement personnel for confidentiality. MCL 15.243(1)(t)(ii)-(iv), (vii), (viii); MSA 4.1801(13)(1)(t)(ii)-(iv), (vii), (viii). Those provisions are no longer part of this appeal.

[5] This paragraph of the court rule allows a motion for summary disposition on the ground that

> [e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law.

motion by requesting summary disposition under MCR 2.116(I)(2).[6]

In August 1996, the circuit court denied plaintiff's motion for summary disposition, but granted summary disposition in favor of the State Police. The court ruled that the requested names and addresses are "information of a personal nature," and that disclosure in these circumstances would constitute "a clearly unwarranted invasion of privacy."

On appeal, plaintiff persuaded the Court of Appeals to reverse the grant of summary disposition to the State Police.[7] The Court of Appeals disagreed with the circuit court's conclusions, holding that the requested information was not "of a personal nature" and that disclosure would not be "a clearly unwarranted invasion of privacy." The Court of Appeals remanded the case to the circuit court with the instruction that the court enter summary disposition in favor of plaintiff.

The Department of State Police has applied to this Court for leave to appeal.

II

The privacy exemption of the FOIA has provided this Court with a number of challenging cases involving persons who sought lists of names and addresses.

---

[6] This paragraph of the court rule states:

    If it appears to the court that the opposing party, rather than the moving party, is entitled to judgment, the court may render judgment in favor of the opposing party.

[7] Unpublished opinion per curiam, issued December 12, 1997, reh den February 4, 1998 (Docket No. 197222).

The plaintiff in *Kestenbaum v Michigan State Univ*, 414 Mich 510; 327 NW2d 783 (1982), wanted a copy of the computer tape used to produce the MSU student directory. The case was decided shortly after the death of Justice BLAIR MOODY, JR., and the remaining six justices split three to three with regard to whether disclosure was required.

*Tobin v Civil Service Comm*, 416 Mich 661; 331 NW2d 184 (1982), was a "reverse FOIA" case in which an agency was sued by persons who sought to *prevent* the disclosure of information.[8] The plaintiffs were five state employees who wanted the court to order the Civil Service Commission not to provide several labor organizations with the names and addresses of classified civil service employees. Since the privacy exemption does not *require* a public body to withhold information and the commission was willing to disclose, this Court did not reach the question whether the information sought falls within the exemption.

*Evening News Ass'n v City of Troy*, 417 Mich 481; 339 NW2d 421 (1983), concerned a different exemption (relating to law enforcement proceedings). *Evening News* is generally helpful for its instruction that exemptions in the Michigan FOIA can be understood with reference to parallel exemptions in the federal FOIA.[9] 417 Mich 494-495. With regard to the present case, however, we observe that the state privacy

---

[8] The FOIA requires disclosure of information under circumstances set forth in the statute. Subsection 13(1) allows, but does not require, a public body to exempt certain information from disclosure. Nothing in the FOIA prevents an agency from providing information it is willing to disclose.

[9] Compare MCL 15.243(1); MSA 4.1801(13)(1) with 5 USC 552(b).

exemption[10] and the federal privacy exemption[11] have significant differences in wording.

In *Int'l Union, United Plant Guard Workers of America v Dep't of State Police*, 422 Mich 432; 373 NW2d 713 (1985), the plaintiff union filed an FOIA request for the names and addresses of guards employed by certain security guard agencies. The justices of this Court divided two-two-two-one on the proper analysis, with a majority finding that the privacy exemption did not authorize the State Police to withhold the requested information.

Home addresses of government employees were again at issue in *State Employees Ass'n v Dep't of Management & Budget*, 428 Mich 104; 404 NW2d 606 (1987). Dividing three-one-one-one (with one justice not participating), this Court determined that the privacy exemption did not authorize nondisclosure of the information.

The privacy exemption was examined in a different context in *Swickard v Wayne Co Medical Examiner*, 438 Mich 536; 475 NW2d 304 (1991). The Chief Judge of the 36th District Court apparently had committed suicide, and there were reports that drug paraphernalia were found in the home where the death occurred. A reporter for the Detroit Free Press wanted access

---

[10] The state exemption pertains to

[i]nformation of a personal nature where the public disclosure of the information would constitute a clearly unwarranted invasion of an individual's privacy. [MCL 15.243(1)(a); MSA 4.1801(13)(1)(a).]

[11] The federal exemption pertains to

personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. [5 USC 552(b)(6).]

to the autopsy report and the toxicology test results. The Wayne County Medical Examiner refused.[12] Noting that privacy rights often perish with the individual, 438 Mich 556-557, this Court held that disclosure of the autopsy report and toxicology test results would not amount to a clearly unwarranted invasion of the privacy of the deceased judge or his family. 438 Mich 556-558, 562. In the course of the analysis, this Court observed that this is "a highly subjective area of the law where the Legislature has provided little statutory guidance on the notion of privacy contained in the FOIA." 438 Mich 556.

The privacy exemption was again considered in *Booth Newspapers, Inc v Univ of Mich Bd of Regents*, 444 Mich 211; 507 NW2d 422 (1993). The plaintiff newspapers sought travel records that would shed light on the process by which the University of Michigan selected a president in 1987 and 1988. Building on *Swickard*, this Court explained that the privacy exemption has two elements:

> As evident from the statute, under a plain-meaning analysis of [MCL 15.243(1)(a); MSA 4.1801(13)(1)(a)], two factors must exist to exempt information from public exposure. First, the information sought must be of a "personal nature," and, second, the disclosure of such information must constitute a "clearly unwarranted" invasion of privacy. *Swickard, supra.* [444 Mich 232.]

This Court concluded that the requested travel records were not information of a "personal nature." 444 Mich 231-234. We explained that the exemptions

---

[12] The refusal was apparently in conformity with a practice that had begun only a few years earlier. Until then, the examiner had, for many years, routinely disclosed such reports to the public upon request. 438 Mich 558, n 15.

are narrowly construed, 444 Mich 232, and, per *Swickard*, that the sense of the community is applied in determining what is of a personal nature, 444 Mich 232-233. In the end, we held that "[t]here exists no custom, mores, or ordinary view of the community that would warrant a finding that the travel expense records of a public body constitute records of a personal nature." 444 Mich 233.

Most recently, we decided *Bradley v Saranac Community Schools Bd of Ed*, 455 Mich 285; 565 NW2d 650 (1997), an opinion resolving two unrelated cases. In one, the father of a public school student sought access to the personnel file of his child's teacher. In the other, a group of parents wanted copies of written performance evaluations for nine principals employed by a school district.[13]

In *Bradley*, we noted again the two-part nature of the inquiry, and elaborated on the first element of the test:

> The privacy exemption consists of two elements, both of which must be present for the exemption to apply. First, the information must be of a "personal nature." Second, the disclosure of such information must be a "clearly unwarranted, invasion of privacy."
>
> In the past, we have used two slightly different formulations to describe "personal nature." The first defines "personal" as "[o]f or pertaining to a particular person; private; one's own . . . . Concerning a particular individual and his intimate affairs, interests, or activities; intimate . . . ." We have also defined this threshold inquiry in terms of whether

---

[13] The two cases resolved in *Bradley* initially appeared to be "reverse FOIA" suits, because the plaintiffs (the teacher and an administrators association) were seeking to prevent disclosure. However, this Court explained that, in light of how the disputes had developed, the FOIA did apply. 455 Mich 291-292.

the requested information was "personal, intimate, or embarrassing." Combining the salient elements of each description into a more succinct test, we conclude that information is of a personal nature if it reveals intimate or embarrassing details of an individual's private life. We evaluate this standard in terms of "the 'customs, mores, or ordinary views of the community' . . . ." [455 Mich 294 (bracketed material in original).]

Applying that standard, we determined that the personnel files were not information of a "personal nature":

> Significantly, none of the documents contain information of an embarrassing, intimate, private, or confidential nature, such as medical records or information relating to the plaintiffs' private lives. Moreover, the appellants have not alleged specific private matters that would be revealed by the disclosure of their personnel records. Instead, the requested information consists solely of performance appraisals, disciplinary actions, and complaints relating to the plaintiffs' accomplishments in their public jobs. Because the requested information does not disclose intimate or embarrassing details of the plaintiffs' private lives, we hold that the requested records do not satisfy the personal-nature element of the privacy exemption. [455 Mich 295.]

Holding the first element of the exemption not applicable, we did not reach the question whether disclosure would be a "clearly unwarranted invasion of privacy." 455 Mich 295.

### III

Reviewing the decisions outlined above, one can readily observe that disclosure has been the consistent outcome where citizens seek to learn about government employees and their work. In recent years, cases like *Booth* and *Bradley* have given access to

information regarding the manner in which public employees are fulfilling their public responsibilities. Likewise, *Swickard* reminds us that "the FOIA is a prodisclosure statute with narrowly construed exemptions," 438 Mich 558, under which ordinary public records must remain available.

The case now before us first presents the question whether the fact of gun ownership is "information of a personal nature."[14] Bearing in mind the caution of *Swickard* that this is "a highly subjective area of the law where the Legislature has provided little statutory guidance," 438 Mich 556, we are satisfied that gun ownership is information of a personal nature.

The ownership and use of firearms is a controversial subject, as to which partisans of many stripes hold strong views. Further, knowledge that a household contains firearms may make that house a target of thieves, and thus endanger its occupants. As the State Police warned in the application filed in this Court, "Disclosure under the FOIA to the world at large of the names and addresses of citizens who possess registered handguns would create a virtual shopping list for anyone bent on the theft of handguns, interested, for malicious reasons, in the identities and addresses of citizens who own handguns, and whatever else the criminal mind might evoke."

We held in *Bradley* that "information is of a personal nature if it reveals intimate or embarrassing details of an individual's private life." 455 Mich 294. A citizen's decision to purchase and maintain firearms is a personal decision of considerable importance. We

---

[14] This case presents issues concerning the interpretation of a statute. These are questions of law, which we review de novo. *Hoste v Shanty Creek Management, Inc,* 459 Mich 561, 569; 592 NW2d 360 (1999).

have no doubt that gun ownership is an intimate or, for some persons, potentially embarrassing detail of one's personal life.

A

Gun ownership being "information of a personal nature," we then move to the second step of the inquiry—whether "disclosure of the information would constitute a clearly unwarranted invasion of an individual's privacy."

As indicated above, the privacy exemption in the federal FOIA is worded differently than the corresponding state provision.[15] For that reason, federal decisions concerning the privacy exemption are of limited applicability in Michigan. Nonetheless, federal law is generally instructive in FOIA cases. *Evening News*, 417 Mich 494-495. Thus we take guidance from the United States Supreme Court's discussion in *United States Dep't of Defense v Federal Labor Relations Authority*, 510 US 487; 114 S Ct 1006; 127 L Ed 2d 325 (1994).[16]

Referring to earlier decisions,[17] the U.S. Supreme Court said in *Dep't of Defense* that "in evaluating whether a request for information lies within the scope of a FOIA exemption, such as [5 USC 552(b)(6)], that bars disclosure when it would amount to an inva-

---

[15] Compare footnotes 10 and 11.

[16] In *Dep't of Defense*, the U.S. Supreme Court applied the federal privacy exemption to reach a different result than we have reached in Michigan with regard to whether the government must disclose home addresses of civil service employees to a labor organization.

[17] *Dep't of Justice v Reporters Committee for Freedom of the Press*, 489 US 749, 775; 109 S Ct 1468; 103 L Ed 2d 774 (1989), and *Dep't of Air Force v Rose*, 425 US 352, 372; 96 S Ct 1592; 48 L Ed 2d 11 (1976).

sion of privacy that is to some degree unwarranted, a court must balance the public interest in disclosure against the interest Congress intended the exemption to protect."[18] 510 US 495. The Court added that "the only relevant public interest in disclosure to be weighed in this balance is the extent to which disclosure would serve the core purpose of the FOIA, which is contributing significantly to public understanding *of the operations or activities of the government.*"[19] 510 US 495. From there, the Court continued by noting this language from *Dep't of Justice v Reporters Committee for Freedom of the Press,* 489 US 749, 773; 109 S Ct 1468; 103 L Ed 2d 774 (1989):[20]

> The basic [FOIA] policy of " 'full agency disclosure unless information is exempted under clearly delineated statutory language,' " [*Dep't of Air Force v Rose,* 425 US 352, 360-361; 96 S Ct 1592; 48 L Ed 2d 11 (1976)],[21] indeed focuses on the citizens' right to be informed about "what their government is up to." Official information that sheds light on an agency's performance of its statutory duties falls squarely within that statutory purpose. That purpose, however, is not fostered by disclosure of information about private citizens that is accumulated in various governmental files but that reveals little or nothing about an agency's own conduct. In this case—and presumably in the typical case in which one private citizen is seeking information about another—the

---

[18] Internal quotation marks and brackets omitted.

[19] Internal quotation marks and brackets again omitted.

[20] In *Reporters Committee,* a CBS reporter and others sought the Federal Bureau of Investigation's "rap sheet" on a private citizen whose family business had defense contracts, but who also was suspected by state officials of having links to organized crime. The U.S. Supreme Court held that the FBI was not required to disclose the information because the invasion of privacy was unwarranted.

[21] In *Rose,* the request was for in camera submission of disciplinary-hearing summaries in order to shed light on how the Air Force Academy administered its honor code. The information was ordered to be supplied, after being edited to remove the identity of specific cadets.

requester does not intend to discover anything about the conduct of the agency that has possession of the requested records. Indeed, response to this request would not shed any light on the conduct of any Government agency or official.

Applying that analysis to the present case, it is certain that any reasonable balancing would find disclosure to be unwarranted. The Legislature has stated the purpose of the Michigan FOIA[22] in terms similar to those enunciated by the U.S. Supreme Court. As the U.S. Supreme Court explained in *Reporters Committee*, fulfilling a request for information on private citizens—a request entirely unrelated to any inquiry regarding the inner working of government, or how well the Department of State Police is fulfilling its statutory functions—would be an unwarranted invasion of the privacy of those citizens.[23]

IV

For the reasons stated in this opinion, we hold that gun ownership is information "of a personal nature" and that "disclosure of the information would constitute a clearly unwarranted invasion of an individual's

---

[22] It is the public policy of this state that all persons, except those persons incarcerated in state or local correctional facilities, are entitled to full and complete information regarding the affairs of government and the official acts of those who represent them as public officials and public employees, consistent with this act. The people shall be informed so that they may fully participate in the democratic process. [MCL 15.231(2); MSA 4.1801(1)(2).]

[23] As noted earlier in this opinion, Michigan law permits the disclosure of names and addresses under certain circumstances. Nonetheless, in considering the present case, we, like the U.S. Supreme Court, "are reluctant to disparage the privacy of the home, which is accorded special consideration in our Constitution, laws, and traditions." 510 US 501.

privacy." Thus the statutory exemption stated in MCL 15.243(1)(a);    MSA 4.1801(13)(1)(a) is applicable in this case, and the Department of State Police did not violate the law when it refused to provide the gun-registration information requested by plaintiff.

Accordingly, we reverse the judgment of the Court of Appeals and reinstate the judgment of the circuit court. MCR 7.302(F)(1).

WEAVER, C.J., and BRICKLEY, KELLY, TAYLOR, CORRIGAN, and YOUNG, JJ., concurred.

CAVANAGH, J., concurred in the result only.