LARRY S BAKER, PC v CITY OF WESTLAND

Docket No. 215227. Submitted October 17, 2000, at Detroit. Decided
    March 13, 2001, at 9:15 A.M.

    Larry S. Baker, P.C., a professional legal corporation, brought an
action in the Wayne Circuit Court against the city of Westland after
the city denied two requests from the plaintiff to release informa-
tion requested under the Freedom of Information Act (FOIA), MCL
15.231 *et seq.* The first request sought the names, addresses, injury
codes, and accident dates of all injured, potentially injured, or
deceased accident victims who were involved in automobile acci-
dents during a specified six-month period and who were not at
fault for the accident that caused their injury, potential injury, or
death. The second request sought the addresses of persons who
had been injured, potentially injured, or killed in automobile acci-
dents during a specified six-month period. The defendant denied
both requests on the basis that the release of the information
would constitute an unwarranted invasion of privacy. The court,
John A. Murphy, J., granted summary disposition in favor of the
defendant, concluding that because the information requested was
personal in nature and because the public interest in disclosure
was weak, the privacy exemption in the FOIA precluded disclosure
of the information. The plaintiff appealed.

    The Court of Appeals *held*:

    1. The privacy exemption to disclosure, MCL 15.243(1)(a),
encompasses two elements: the information must be personal in
nature and its disclosure must constitute a clearly unwarranted
invasion of an individual's privacy.

    2. Information is of a personal nature if it reveals intimate or
embarrassing details of an individual's private life. The information
sought by the plaintiff with regard to injured or potentially injured
persons was information of a personal nature. The fact that the
second request did not seek the names of the persons does not
lessen the personal nature of the information. An address, like a
name, is an identifying, personal characteristic.

    3. The disclosure of information constitutes a clearly unwar-
ranted invasion of privacy if the interest the Legislature intended to

protect with an exemption to the FOIA outweighs the public interest in disclosure, and the only relevant public interest in disclosure to be weighed is the extent to which disclosure would serve the core purpose of the FOIA, which is contributing significantly to public understanding of the operations or activities of the government. Because the request with regard to injured or potentially injured persons is information about private citizens that is unrelated to any inquiry regarding the workings of government, there is no public interest in disclosure, and the interest the Legislature desired to protect with the privacy exemption prevails. The court properly granted summary disposition with respect to information regarding injured or potentially injured persons.

4. Information regarding the death of a private individual by traffic accident is information of a personal nature for purposes of the FOIA. There was no public interest in the disclosure of this information because the information was unrelated to any inquiry regarding the workings of the government. Disclosure of such information was not warranted. The notions of privacy found in MCL 15.243(1)(a) and applied to the deceased individuals and their families outweighed the nonexistent public interest in disclosure in this case. Summary disposition was properly granted with regard to the information sought about deceased persons.

Affirmed.

RECORDS — FREEDOM OF INFORMATION ACT — PRIVACY EXEMPTION — IDENTIFICATION OF PERSONS INJURED OR KILLED IN TRAFFIC ACCIDENTS.

Information regarding the identities of private individuals injured or killed in traffic accidents is information of a personal nature for purposes of the Freedom of Information Act and is not subject to disclosure under the act if it is unrelated to any inquiry regarding the workings of the government (MCL 15.231 *et seq.*).

*John F. Temrowski*, for the plaintiff.

*Angelo A. Plakas* and *Associates, P.C.* (by *Angelo A. Plakas* and *Joanna R. Bennett*), for the defendant.

Before: BANDSTRA, C.J., and SAAD and METER, JJ.

METER, J. Plaintiff appeals as of right from the trial court's grant of summary disposition to defendant in this case involving the Michigan Freedom of Information Act (FOIA), MCL 15.231 *et seq.* We affirm.

FACTUAL BACKGROUND

Plaintiff, a professional legal corporation located in Westland, made an FOIA request to defendant to provide the names, addresses, injury codes,[1] and accident dates of all injured, potentially injured, or deceased accident victims who were involved in automobile accidents during a specified six-month period and who were not at fault for the accident that caused their injury, potential injury, or death. Defendant concluded that releasing the requested information would constitute an unwarranted invasion of privacy, see MCL 15.243(1)(a), and it therefore denied plaintiff's request. Plaintiff then instituted this lawsuit. Subsequently, plaintiff revised its request to defendant, asking for only the addresses of persons who had been injured, potentially injured, or killed in automobile accidents during a six-month period. Defendant denied plaintiff's second request on the same grounds as the first. Plaintiff then amended its complaint to encompass its second, revised FOIA request, and both parties moved for summary disposition.

The trial court granted defendant's motion, concluding that because the information requested was personal in nature and because the public interest in disclosure was weak, the privacy exemption in the FOIA precluded disclosure of the information. See *id.*

---

[1] The injury codes referred to the level of injury suffered by a victim of an automobile accident. Plaintiff requested information for persons who had suffered a fatal injury (code K); an injury that prevented the injured person from walking, driving, or performing normal, daily activities (code A); any injury evident at the accident scene other than a code K or A (code B); or a possible injury (code C).

STANDARD OF REVIEW

We review a lower court's grant of summary disposition de novo. *Van v Zahorik*, 460 Mich 320, 326; 597 NW2d 15 (1999). Here, defendant moved for summary disposition under MCR 2.116(C)(8) and (10), and the trial court did not specify under which subrule it granted the motion. However, because the trial court did not look beyond the pleadings in granting the motion, we will treat the motion as granted under MCR 2.116(C)(8). See *Jenks v Brown*, 219 Mich App 415, 416; 557 NW2d 114 (1996). When reviewing a motion granted under MCR 2.116(C)(8), we accept all the complaint's well-pleaded factual allegations, as well as any reasonable inferences that can be drawn from the allegations, as true and determine whether the claim is so clearly unenforceable as a matter of law that no factual development could justify recovery. *Jenks*, *supra* at 417.

Whether a public record falls within a statutory exemption under the FOIA is a question of law that we review de novo. *Kent Co Deputy Sheriffs' Ass'n v Kent Co Sheriff*, 238 Mich App 310, 330; 605 NW2d 363 (1999), aff'd 463 Mich 353; 616 NW2d 677 (2000).

THE FOIA IN GENERAL

It is the policy of this state that all persons, except prisoners, are entitled to complete information regarding the affairs of government and the official acts of those who represent them so that they may fully participate in the democratic process. MCL 15.231(2); *Mager v Dep't of State Police*, 460 Mich 134, 146, n 22; 595 NW2d 142 (1999); *Schroeder v Detroit*,

221 Mich App 364, 365; 561 NW2d 497 (1997). Under the FOIA, a public body must disclose all public records that are not specifically exempt under the act. MCL 15.233(1); *Schroeder, supra* at 365. The public body bears the burden of sustaining its denial of disclosure. MCL 15.240(4); *Schroeder, supra* at 365-366. The exemptions are to be narrowly construed, and the burden of proving their applicability rests with the public body. *Booth Newspapers, Inc v Univ of Michigan Bd of Regents*, 444 Mich 211, 232; 507 NW2d 422 (1993).

### THE APPLICABILITY OF THE FOIA'S PRIVACY EXEMPTION TO INJURED OR POTENTIALLY INJURED PERSONS

Plaintiff argues that the trial court erred in ruling that the information requested about injured and potentially injured persons was exempted by the FOIA.[2] The privacy exemption at issue here is MCL 15.243(1)(a), which states that "[a] public body may exempt from disclosure as a public record under [the FOIA] . . . [i]nformation of a personal nature where the public disclosure of the information would constitute a clearly unwarranted invasion of an individual's privacy." Our Supreme Court has interpreted this exemption to encompass two elements: first, the information must be of a personal nature, and second, the disclosure of the information must constitute a clearly unwarranted invasion of an individual's privacy. *Mager, supra* at 141, citing *Bradley v Saranac Community Schools Bd of Ed*, 455 Mich 285, 294; 565 NW2d 650 (1997).

---

[2] The exemption from disclosure of information regarding deceased persons is discussed later in the opinion.

Information is of a personal nature if it reveals " 'intimate or embarrassing details of an individual's private life.' " *Mager, supra* at 143, quoting *Bradley, supra* at 294. Whether a detail is intimate or embarrassing is evaluated in terms of the customs, mores, or ordinary views of the community. *Mager, supra* at 142; *Bradley, supra* at 294. If the information sought does not satisfy this threshold inquiry, the information should be disclosed. See *id.* at 295. If, however, the information is of a personal nature, it must still satisfy the second element to be exempt. *Id.*

We conclude that the information plaintiff sought was indeed information of a personal nature. In *Mullin v Detroit Police Dep't*, 133 Mich App 46, 55; 348 NW2d 708 (1984), this Court stated that "the very fact of having been involved in an automobile accident" is an "embarrassing fact" whose disclosure constitutes a clearly unwarranted invasion of privacy. Implicit in *Mullin* is the conclusion that being involved in an accident is an intimate detail of a person's private life. Here, plaintiff sought not only information regarding whether people had been involved in automobile accidents; it also sought information regarding whether people had been injured or potentially injured in those accidents. Accordingly, the information sought by plaintiff was information of a personal nature and satisfied the first prong of the test set forth in *Bradley*.

Plaintiff contends that even if its first FOIA request sought information of a personal nature, its second FOIA request did not, because the names of the involved individuals were not sought in the second request. We disagree. Indeed, the redaction of names would not lessen the personal nature of the informa-

tion. Plaintiff relies on *Booth Newspapers, supra*, to support its claim that the information requested without names is not information of a personal nature. In *Booth*, the plaintiff sought travel expense logs that the Court noted did not contain information of a personal nature. *Booth Newspapers, supra* at 233. Specifically, the Court stated, "[t]here exists no custom, mores, or ordinary view of the community that would warrant a finding that the travel expense records of a public body constitute records of a personal nature." *Id.* Because the expense logs were not personal in nature, the Court ruled that the defendant could not deny the plaintiff's FOIA request solely because the logs might lead to information that was personal in nature. *Id.* We cannot discern how *Booth* supports plaintiff's position in the instant case. Indeed, instead of possibly leading to information of a personal nature, the information plaintiff sought in its second FOIA request—the fact that persons living at particular addresses had been involved in automobile accidents and had suffered injuries or possible injuries—was *already* of a personal nature. Plaintiff apparently believes that because names would be absent from the response to its second FOIA request, there would be insufficient identifying characteristics to conclude that a particular person had been involved in an accident and that therefore the information sought was not of a personal nature. This argument is disingenuous. An address, like a name, is an identifying, personal characteristic. Both plaintiff's first and second FOIA requests sought information of a personal nature.

The next inquiry is whether disclosure of the requested information would constitute a clearly unwarranted invasion of privacy. *Mager, supra* at 141;

*Bradley, supra* at 294. Disclosure constitutes a clearly unwarranted invasion of privacy if the interest the Legislature intended to protect with an exemption to the FOIA outweighs the public interest in disclosure. *Mager, supra* at 144-146. Adopting the test outlined in *United States Dep't of Defense v Federal Labor Relations Authority*, 510 US 487; 114 S Ct 1006; 127 L Ed 2d 325 (1994), the *Mager* Court stated that " 'the only relevant public interest in disclosure to be weighed . . . is the extent to which disclosure would serve the core purpose of the FOIA, which is contributing significantly to public understanding of *the operations or activities of the government.' " Mager, supra* at 145, quoting *United States Dep't of Defense, supra* at 495 (emphasis in original). The determinative fact in *Mager* was the plaintiff's use of the FOIA to compel disclosure of information about private individuals— information unrelated to any inquiry regarding the workings of the government. *Mager, supra* at 146. The *Mager* Court held that because the information sought involved private citizens and did not relate to an inquiry about the workings of the government, disclosure would constitute an unreasonable invasion of privacy. *Id.*

Like *Mager*, the instant case involves a request for information about private citizens that is unrelated to any inquiry regarding the workings of the government. Indeed, plaintiff concedes in its appellate brief that it sought the information in order to communicate with people who might need legal services. Fulfilling plaintiff's request would not further the knowledge of the public concerning how their government operates but would instead reveal information concerning private individuals. There is no public interest

in disclosure, and the interest the Legislature desired to protect with the privacy exemption prevails. *Id.* at 144-145. Accordingly, disclosure of the information requested by plaintiff would constitute a clearly unwarranted invasion of privacy. The trial court did not err in granting defendant's motion for summary disposition with respect to information regarding injured or potentially injured accident victims.

### THE APPLICABILITY OF THE FOIA'S PRIVACY EXEMPTION TO DECEASED PERSONS

Plaintiff contends that at the very least, defendant should have disclosed the requested information for those *killed* in automobile accidents, because a deceased person essentially cannot have his privacy invaded. We disagree that defendant was required to disclose the requested information about deceased individuals.

In making its argument regarding deceased persons, plaintiff relies on *Swickard v Wayne Co Medical Examiner,* 438 Mich 536; 475 NW2d 304 (1991). In *Swickard,* the Court examined the applicability of the FOIA to a request for information concerning a deceased person. See *id.* at 540. *Swickard* involved the death of a judge and a subsequent request for the autopsy report and toxicology tests filed by the medical examiner. *Id.* Emphasizing the facts that (1) no right to privacy existed that could be asserted against the plaintiff, and (2) the requested information related to a public official, the Court held that the information was not of a personal nature, that no invasion of privacy was threatened, and that therefore the privacy exemption did not apply and the FOIA request

should be granted. *Id.* at 556-558. Plaintiff contends that under *Swickard,* a deceased person has no right to privacy and therefore any information about that person cannot be exempted from the FOIA under the privacy exemption.

We first note that in concluding that the requested information was not of a personal nature, the *Swickard* Court stated that "the circumstances surrounding the alleged suicide of a public figure and Chief Judge of the 36th District Court are matters of legitimate public concern." *Id.* at 558. When *Swickard* is read as a whole, it becomes clear that the Court's decision with regard to the "personal nature" prong of the MCL 15.243(1)(a) exemption rested in large part on the public nature of the deceased individual involved. *Swickard* can therefore be distinguished from the instant case, because in the instant case, plaintiff did not request information of legitimate public concern. Instead, plaintiff sought information solely of a personal nature, as discussed earlier in this opinion with regard to injured and potentially injured accident victims. With this distinguishing feature in mind, we hold that information regarding a death of a private individual by traffic accident is indeed information of a personal nature for purposes of the FOIA.

The next inquiry is whether disclosure of the information would be a clearly unwarranted invasion of privacy. See *Mager, supra* at 141, and *Bradley, supra* at 294. As stated earlier, disclosure constitutes a clearly unwarranted invasion of privacy if the interest the Legislature intended to protect with an exemption to the FOIA outweighs the public interest in disclosure. *Mager, supra* at 144-146. Here, there was simply no public interest in disclosure, because the information

was unrelated to any inquiry regarding the workings of the government. *Id.* at 145. The interest the Legislature intended to protect in enacting MCL 15.243(1)(a) was an individual's privacy. The *Swickard* Court held that a deceased individual can maintain no cause of action for invasion of privacy and that a relative of a deceased person can maintain no action for invasion of privacy unless the relative is brought into "unjustifiable publicity" relating to the relative, personally. *Swickard, supra* at 548-549, 553-554, 556. With these principles in mind, the *Swickard* Court held that no invasion of privacy was threatened by the FOIA request in that case. *Id.* at 558. At first blush, therefore, it appears that under *Swickard,* there was no interest in this case to be protected by MCL 15.243(1)(a) and that disclosure of the information plaintiff sought regarding deceased individuals would not constitute a "clearly unwarranted invasion of an individual's privacy" under that statute.

However, we note that the *Swickard* Court, while devoting an extensive analysis to whether a cause of action for invasion of privacy existed, did not rest its decision to compel disclosure solely on the absence of that potential cause of action. Instead, the Court intertwined several principles, stating as follows:

> Upon review of the law of privacy, *the circumstances surrounding the death of a leading legal figure in the community,* and in view of the fact that the FOIA is a prodisclosure statute with narrowly construed exemptions, we conclude that defendant has failed to meet his burden that the autopsy report and test results are "information of a personal nature." Having found initially that no "invasion of privacy" is threatened, we need not address whether an

invasion was "clearly unwarranted." [*Swickard, supra* at 558 (emphasis added).]

Given the *Swickard* Court's emphasis on the public nature of the individual involved, we do not feel that *Swickard* constitutes binding authority with respect to the notion that if no cause of action for invasion of privacy exists, the FOIA's privacy exemption automatically does not apply and disclosure is therefore automatically warranted.[3] Indeed, we note that privacy notions under the FOIA serve different purposes than causes of action seeking damages for invasion of privacy. See, e.g., Justice LEVIN's discussion in his separate opinion in *Swickard, supra* at 566-568. Here, because the FOIA request related to private individuals and there was simply no public interest in disclosure, we find that disclosure was *not* in fact warranted. The notions of privacy, however small, found in MCL 15.243(1)(a) and applied to the deceased individuals and their families outweighed the nonexistent public interest in disclosure in this case. See *Mager, supra* at 144-146. Accordingly, the trial court did not err in granting defendant's motion for summary disposition with regard to the information plaintiff sought about deceased persons.

---

[3] Moreover, we note that because the *Swickard* Court found that the information sought in that case was not information of a personal nature, see *Swickard, supra* at 558, any discussion in *Swickard* regarding the second prong of the *Bradley* analysis essentially constitutes obiter dicta. See *Bradley, supra* at 295 (indicating that if information sought under the FOIA is not of a personal nature, the privacy exemption does not apply and one need not decide whether disclosure would constitute a clearly unwarranted invasion of privacy).

Given our resolution of the preceding issues, we need not address plaintiff's additional appellate arguments.

Affirmed.