K. F. Kelly, RJ.
(dissenting). I respectfully dissent. Contrary to the conclusion reached by the majority, I would conclude that the information plaintiff sought was of a personal nature, the disclosure of which would result in an unjustifiable invasion of privacy. I would thus uphold the trial court’s decision granting defendant summary disposition.
I. THE FOIA IN GENERAL
The policy of this state provides that all persons except prisoners are entitled to complete information regarding the affairs of state government and the official acts of those who represent them as public officials and public employees so that they may fully participate in the democratic process. MCL 15.231(2); Mager v Dep’t of State Police, 460 Mich 134, 146, n 22; 595 NW2d 142 (1999); Schroeder v Detroit, 221 Mich App 364, 365; 561 NW2d 497 (1997). Under the Freedom of Information Act (foia), MCL 15.231 et seq., a public body must disclose all public records that are not specifically exempt under the act. MCL 15.233(1); Schroeder, supra at 365. The exemptions are to be narrowly construed, and the burden of proving their applicability rests with the public body. Booth Newspapers, Inc v Univ of Mich Bd of Regents, 444 Mich 211, 232; 507 NW2d 422 (1993).
*173 II. APPLICABILITY OF THE PRIVACY EXEMPTION
The privacy exemption at issue here is MCL 15.243(l)(a), which states “[a] public body may exempt from disclosure as a public record under [the FOIA] . . . [information of a personal nature where the public disclosure of the information would constitute a clearly unwarranted invasion of an individual’s privacy.” Our Supreme Court has interpreted this exemption to encompass two specific elements: first, the information must be of a personal nature and, second, the disclosure of the information must constitute a clearly unwarranted invasion of an individual’s privacy. Mager, swpra at 141, citing Bradley v Saranac Community Schools Bd of Ed, 455 Mich 285, 294; 565 NW2d 650 (1997).
A. INFORMATION OF A PERSONAL NATURE
Information is of a personal nature if it reveals “ ‘intimate or embarrassing details of an individual’s private life.’ ” Mager, supra at 143, quoting Bradley, supra at 294. Whether a detail is intimate or embarrassing is evaluated in terms of the customs, mores, or ordinary views of the community. Mager, supra at 142; Bradley, supra at 294. If the information sought does not satisfy this threshold inquiry, the information should be disclosed. See id. at 295. If, however, the information is of a personal nature, it must still satisfy the second element to be exempt. Id.
In my estimation, the information plaintiff sought was indeed information of a personal nature. First, there is no question that being called before a grand jury or questioned by the FBI is an intimate or embarrassing detail of a person’s life. It suggests the possi *174 bility of involvement in or knowledge of criminal activities. Individuals called before a grand jury or questioned by the FBI could easily be subjected to public ridicule or at least unfavorable speculation and rumors as a result of their experiences. Accordingly, I believe that the information herein sought involved intimate or embarrassing details of people’s lives.
The more difficult question is whether the information concerned intimate or embarrassing details of people’s private lives. Under Michigan’s foia, citizens are entitled to obtain information regarding the manner in which public employees are fulfilling their public responsibilities. See Mager, supra at 142-143. The names sought here were names of public officials and employees for whom defendant, a public body, had paid attorney fees in connection with their grand jury appearances or FBI interviews. At first blush, therefore, it might seem as though the information sought did not in fact concern individuals’ private lives but instead concerned matters of legitimate public concern.
Upon careful consideration, however, and because of the secret and criminal nature of the federal investigation, I cannot simply conclude that the information plaintiff sought related to the manner in which public officials and employees were fulfilling their public responsibilities. Id. First, I accept at face value plaintiff’s statement in its appellate brief that none of the individuals whose names plaintiff sought were “targets” of the federal investigation. Accordingly, the individuals, by testifying before the grand jury or meeting with the FBI, apparently provided information not about their own criminal activities but rather about the criminal activities of others. A state official *175 or employee providing information to federal law enforcement investigators about possible criminal activity by others, even if that criminal activity occurred in the individual’s public workplace or involved government corruption,[1] cannot be said to involve the manner in which the official or employee is fulfilling the official’s or employee’s own public responsibilities. Instead of fulfilling the responsibilities of the official’s or employee’s public, state job, such an individual is instead aiding federal law enforcement investigators in their quest to bring criminals to justice.
For purposes of applying the Michigan foia, this assistance should be deemed part of the individual’s private life and not part of the individual’s public employment. In my view, merely because defendant provided legal counsel to the officials and employees in the course of their aiding the federal investigators does not transform the information sought by plaintiff into a matter relating to the individuals’ discharge of their public functions. Moreover, although not solely dispositive of the issue, I do believe it significant that the nature of the federal probe is unknown at this point; while plaintiff contends that the probe involves possible corruption in government, this contention is not verifiable from the record currently available before this Court. The probe could relate to possible criminal activities occurring in people’s private lives. In sum, I would hold that the information sought here was of a personal nature for purposes of the Michigan foia because it would reveal “intimate or embarrass *176 ing details of an individual’s private life.” Mager, supra at 143; Bradley, supra at 294.
B. CLEARLY UNWARRANTED INVASION OF PRIVACY
The next inquiry is whether disclosure of the requested information would constitute a clearly unwarranted invasion of privacy. Mager, supra at 141; Bradley, supra at 294. Disclosure constitutes a clearly unwarranted invasion of privacy if the interest the Legislature intended to protect with an exemption to the foia outweighs the public interest in disclosure. Mager, supra at 144-146. Adopting the test outlined in United States Dep’t of Defense v Federal Labor Relations Authority, 510 US 487; 114 S Ct 1006; 127 L Ed 2d 325 (1994), the Mager Court stated that “the only relevant public interest in disclosure to be weighed ... is the extent to which disclosure would serve the core propose of the foia, which is contributing significantly to public understanding of the operations or activities of the government.” Mager, supra at 145, quoting United States Dep’t of Defense, supra at 495 (emphasis in original).
In the instant case, if the individuals who met with the FBI or testified before the grand jury do in fact have information regarding possible corruption in government, then advising plaintiff and allowing plaintiff to meet with these individuals would indeed further the public’s understanding of governmental activities. However, I do not believe that the public’s interest in immediately learning about this possible corruption outweighs the current privacy interests of the individuals whose names plaintiff seeks. If the federal authorities are investigating possible criminal corruption in government, and if they do discover *177 such corruption, the public will find out about the corruption at the time the authorities complete their investigation and issue criminal indictments. Moreover, plaintiff already has access to the redacted billing records of the attorneys who represented the individuals in question. Finally, the nature of the federal probe is not known at this point.
Disclosure under the FOIA of the names of public employees and officials involved in a grand jury investigation, when the investigation could involve people’s private lives, would be contrary to the policy of the FOIA. Disclosure of the names of these individuals might cause harassment and public embarrassment, while the relationship between the requested information and the operations of the government are unclear, save for plaintiff’s allegation that defendant paid for the individuals’ lawyers. There is simply no clear indication that releasing the names of the individuals would significantly aid the public in understanding the workings of the government. Accordingly, in light of the unknown nature of the federal probe, the general secrecy surrounding grand jury proceedings, the potential embarrassment to the individuals whose names plaintiff seeks, the fact that plaintiff already has access to billing records detailing the general nature of the services performed by the attorneys, and the fact that the public will indeed eventually learn about any substantiated corruption in government (if it occurred), I would find that disclosure of the requested information would constitute a clearly unwarranted invasion of privacy.[2] Correspond *178 ingly, I would hold that the trial court did not err in granting defendant’s motion for summary disposition.

 The nature of the federal probe is unknown at this point. Although plaintiff contends that the probe involves possible corruption in government, this contention is not verifiable from the record before us.

 Plaintiff spends considerable time in its appellate brief arguing that whether the release of the requested information in this case would constitute a clearly unwarranted invasion of privacy should be determined by *178 looking to common-law invasion of privacy principles. However, the absence of a cause of action for invasion of privacy is not dispositive under an foia analysis. Larry S Baker, PC v Westland, 245 Mich App 90, 100-101; 627 NW2d 27 (2001).