**MICHIGAN REHABILITATION CLINIC INCORPORATED, P.C. and Dr. James Nikolovski, et al., Plaintiffs,**

v.

**CITY OF DETROIT, Defendant.**

No. CIV. 03–74374.

United States District Court,
E.D. Michigan,
Southern Division.

March 23, 2004.

☞67

Leslie M. Kohn, Southfield, MI, for Plaintiffs.

Edward V. Keelan, City of Detroit Law Department, Detroit, MI, for Defendant.

## OPINION AND ORDER

FEIKENS, District Judge.

Plaintiffs' complaint alleges that they were unconstitutionally barred from access to traffic accident reports by the Detroit Police Department. Plaintiffs now request a preliminary injunction against the City to allow them access to the records. For the reasons discussed below, I DENY this motion.

## FACTUAL BACKGROUND

Plaintiffs wish to have access to traffic accident reports prepared by the Detroit Police Department in order to market health care services to those involved in accidents. Although the City used to allow any member of the public to access these reports, the City now has a policy that prevents plaintiffs from viewing these reports. The reports contain, among other information, names, addresses, dates of birth, driver's license numbers, and insurance policy information.

## ANALYSIS

*Preliminary Injunction Standard*

The issuance of a preliminary injunction is governed by Fed.R.Civ.P. 65. There are four factors to be balanced when considering a motion for a preliminary injunction: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." *Rock and Roll Hall of Fame & Museum, Inc. v. Gentile Prods.*, 134 F.3d 749, 753 (6th Cir.1998). The plaintiff carries the burden of persuasion. *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir.2000), citing *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990).

■ A preliminary injunction is the strong arm of equity which should not be extended to cases which are doubtful or do not come within well-established principles of law. *Detroit Newspaper Publishers Ass'n v. Detroit Typographical Union No. 18*, 471 F.2d 872, 876 (6th Cir.1972), cited for this proposition by *Am. Civil Liberties Union of Kentucky v. McCreary County*, 354 F.3d 438 (6th Cir.2003). The proof required for the plaintiff to obtain a preliminary injunction is more stringent than the proof required to survive a summary judgment motion. *Daeschner*, 228 F.3d 729, 739.

## I. Likelihood of Success on the Merits

■ Defendant says that its decision not to release these records to the general public is a result of compliance with Michigan's Freedom of Information Act as interpreted by Michigan courts. (Def.'s Resp. Br. at 2.) The Act states that a public body is exempt from rules that would otherwise require it to disclose investigating records compiled for law enforcement procedures if, among other reasons, such a release would "constitute an unwarranted invasion of personal privacy." M.C.L. § 15.243(b)(iii). In interpreting this statute, Michigan courts have held that the disclosure of traffic reports can constitute an unwarranted invasion of personal privacy and therefore government entities are not required to make these reports public. *Baker v. City of Westland*, 245 Mich.App. 90, 627 N.W.2d 27 (2001); *Mullin v. Detroit Police Dep't.*, 133 Mich.App. 46, 348 N.W.2d 708 (1984); *Midwestern Audit Services Inc. v. Dep't of State Police*, 2000 WL 33418082 (Mich.App.2000).

■ Plaintiffs argue that these cases interpreting the Michigan statute are wrongly decided and because this case is before this Court on federal question grounds, the decisions of the Michigan courts do not bind this Court. Plaintiffs are incorrect. 28 U.S.C. § 1652 provides that state laws, "except where the Constitution or treaties of the United States or Acts of Congress otherwise require or provide, shall be regarded as rules of decision in civil actions in the courts of the United States, in cases where they apply." Therefore, the only way plaintiffs could succeed in their case before this Court would be to argue that the Michigan practice of denying plaintiffs access to the traffic accident reports violates plaintiffs' Fourteenth Amendment due process or equal protection rights.[1]

■ Plaintiffs' complaint for injunctive relief does appear to make a Fourteenth Amendment argument, and the Constitutional issues raised by the complaint are the basis for federal question jurisdiction in this Court. (*See, e.g.*, Pls.' Compl. ¶ 17, claiming a lack of reasonable basis or legitimate public policy concerns; *Michigan Rehab. Clinic, P.C. v. City of Detroit*, 2004 WL 288802 (E.D.Mich.2004).) However, plaintiffs' motion for a preliminary injunction does not make any argument based on the Fourteenth Amendment. Moreover, in arguing this motion, plaintiffs asserted that they were not challenging the constitutionality of the Michigan law. Therefore, plaintiffs fail to carry their burden of persuasion that there is a likelihood of success on the merits and this factor weighs against the granting of a preliminary injunction.[2]

---

1. Plaintiffs argue that under the Fourth Amendment, these reports are not protected by the accident participants' right to privacy. (*See, e.g.*, Pls.' Br. at 7.) However, the privacy rights at issue here are created by state law,

so the existence of such a right (or lack thereof) under federal law is not relevant.

2. Traditionally, in order to merit a preliminary injunction, the plaintiff is required to

## II. Irreparable Injury

Plaintiffs allege they would be immediately and irreparably harmed if they are not permitted access to the reports. (Pls.' Br. 20.) In *Elrod v. Burns*, the Supreme Court held that when reviewing a motion for a preliminary injunction, if it is found that a constitutional right is being threatened or impaired, a finding of irreparable injury is mandated. 427 U.S. 347, 373, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976). However, here plaintiffs have failed to show a likelihood of success on a constitutional claim, so no finding of irreparable harm is mandated.

Plaintiffs argue they will lose a great deal of business if the preliminary injunction is not granted. Allegations of monetary harm are sufficient to support a finding of irreparable harm if the nature of the plaintiff's loss would make damages difficult to calculate. *Basicomputer Corp. v. Scott*, 973 F.2d 507 (6th Cir.1992). Here, the amount of business that would have been generated by marketing to those involved in traffic accidents is speculative. Therefore, plaintiffs do make an argument that irreparable injury exists in this case, and therefore, this factor weighs in favor of granting a preliminary injunction.

## III. Substantial Harm to Others

Here, issuance of the injunction has the potential to cause substantial harm to others, namely those persons involved in automobile accidents. Their privacy rights in those reports would be irreparably harmed if that information was released to the public. Therefore, this factor weighs against the granting of an injunction.

demonstrate a likelihood of success on the merits. *See, e.g., Doran v. Salem Inn, Inc.*,

## IV. Public Interest

Arguably, the public has an interest in access to public documents that is represented by the Michigan Freedom of Information Act. However, as the Act also recognizes and makes provision for, the public also has an interest in protecting the privacy of individuals. Therefore, this factor neither weighs in favor of nor against the granting of an injunction.

## CONCLUSION

Because plaintiffs failed to demonstrate a likelihood of success on the merits and third parties would be irreparably harmed by the issuance of the injunction, I DENY plaintiffs' motion for a preliminary injunction.

**IT IS SO ORDERED.**

422 U.S. 922, 931, 95 S.Ct. 2561, 45 L.Ed.2d 648 (1975).