KELLY, J.
(concurring in part and dissenting in part). The issue is whether the privacy exemption[1] of the Freedom of Information Act[2] (FOIA) exempts from disclosure the home addresses and telephone numbers of University of Michigan employees. The majority decides that it does. I agree that the unlisted[3] home addresses and telephone numbers of employees who refused to give the university permission to publish that information are exempt from disclosure. But I believe that information that individuals allowed to be published is not exempt. Thus, I dissent from the majority opinion insofar as it holds that the home addresses and telephone numbers of all the defendant’s employees are exempt from disclosure.
FACTS
Plaintiff Michigan Federation of Teachers and School Related Personnel, AFT, AFL-CIO made a FOIA request to defendant University of Michigan. Plaintiff *684 sought numerous items, including the home address and telephone number of each of defendant’s employees. Defendant provided all requested information except for the addresses and telephone numbers of those employees who had withheld permission to have this information published in the faculty and staff directory. Defendant claimed that the information was exempt from disclosure under the privacy exemption to FOIA.
Plaintiff brought suit in Washtenaw Circuit Court seeking disclosure of this information. Both parties moved for summary disposition. In support of its motion, defendant included affidavits from six employees detailing their reasons for withholding consent. The reasons were wide-ranging. One employee was concerned that an ex-spouse could use the information to locate and hurt her. Another simply believed it would be unfair to disclose unlisted addresses and telephone numbers.
The circuit court granted summary disposition to defendant. It reasoned that the home addresses and telephone numbers of employees who had refused to give permission to publish that information was information of a personal nature. The court added that disclosure of this information would not contribute significantly to public understanding of the operations or activities of government.
In an unpublished opinion per curiam, the Court of Appeals reversed the circuit court decision.[4] The privacy exemption does not generally include home addresses and telephone numbers, it reasoned, because they do not reveal intimate or embarrassing details of an individual’s private life. However, the majority also *685 held that defendant had persuasively argued that some employees could be exposed to harm if this information were disclosed. Accordingly, it remanded the case to the trial court to consider which of defendant’s employees had demonstrated exceptional circumstances sufficient to exempt their addresses and telephone numbers from disclosure.
This Court granted defendant’s application for leave to appeal to “reconsider its construction of [the privacy exemption].”[5]
THE PRIVACY EXEMPTION
The privacy exemption to FOIA provides:
(1) A public body may exempt from disclosure as a public record under this act. ..
(a) Information of a personal nature if public disclosure of the information would constitute a clearly unwarranted invasion of an individual’s privacy.[6]
For years this Court has struggled to give meaning to this statutory provision. The Court arrived at its most recent interpretation in Bradley v Saranac Community Schools Bd of Ed.[7] It observed:
The privacy exemption consists of two elements, both of which must be present for the exemption to apply. First, the information must be of a “personal nature.” Second, the disclosure of such information must be a “clearly unwarranted invasion of privacy.” In the past, we have used two slightly different formulations to describe “personal nature.” The first defines “personal” as “of or per- *686 tabling to a particular person; private; one’s own.... Concerning a particular individual and his intimate affairs, interests, or activities; intimate ....” We have also defined this threshold inquiry in terms of whether the requested information was “personal, intimate, or embarrassing.” Combining the salient elements of each description into a more succinct test, we conclude that information is of a personal nature if it reveals intimate or embarrassing details of an individual’s private life. We evaluate this standard in terms of “the ‘customs, mores, or ordinary views of the community.’ ”[8]
Defendant asks us to overrule Bradley’s interpretation of the phrase “of a personal nature,” arguing that Bradley incorrectly interpreted the statutory language. The majority partly accepts the invitation, holding that the Bradley formulation of the phrase is overly narrow.
INFORMATION “OF A PERSONAL NATURE”
I did not join the majority opinion in Bradley. Instead, I joined Justice Boyle’s partial dissent. Justice BOYLE took issue with the majority’s constricted interpretation of the phrase “of a personal nature,”[9] preferring the definitions arrived at in Kestenbaum v Michigan State Univ[10] and Swickard v Wayne Co Med Examiner.[11] In Kestenbaum, Justice RYAN concluded that information is of a personal nature if it is “ ‘personal,’ intimate, or embarrassing.”[12] Swickard defined the phrase “of a personal nature” as “ ‘[o]f or pertaining to a particular person; private; one’s own .... Concern *687 ing a particular individual and his intimate affairs, interests, or activities; intimate .. . .’ ”[13]
Although the majority does not explicitly recognize it, its interpretation of the phrase “of a personal nature” is consistent with the definitions arrived at in Kestenbaum and Swickard. In fact, the majority’s interpretation represents a synthesizing of the two. When one combines the definitions in Kestenbaum and Swickard, information is “of a personal nature” if it reveals private, intimate, or embarrassing information about a particular person. The majority holds that “intimate, embarrassing, private, or confidential information is ‘of a personal nature . . . .’ ”[14] The majority’s interpretation of the privacy exemption is consistent with my position in Bradley, and I agree with it.[15]
But Bradley, being precedent of this Court, should be followed unless weighty reasons exist for abandoning it. As the United States Supreme Court recently recognized, “considerations [of stare decisis] impose a considerable burden upon those who would seek a different interpretation that would necessarily unsettle. . . Court precedents.”[16] I am confident that substantial reasons exist for expanding Bradley’s interpretation of the privacy exemption.
*688 Bradley was decided 10 years ago. Since that time, society has come to recognize that identity fraud poses a major problem.[17] Because of it, individuals are encouraged not to make public their personal information for fear it could be used to victimize them.[18] And individuals have taken notice of this trend and are now more vigilant in protecting their personal information.[19]
Accordingly, it appears that, since Bradley was decided, increasing incidents of identity fraud have caused a change in behavior. When the facts underlying a court decision drastically change and render the decision outdated, a reexamination of the decision is required.[20] The changes that have occurred since Bradley was decided illustrate that individuals have an interest in preventing the disclosure of more than intimate or embarrassing information. They reasonably wish to prevent the disclosure of other information they keep private. These changes in fact make it appropriate for us to overrule Bradley to the extent it holds that private information is not “of a personal nature.”
As a consequence, I concur with the majority’s decision to expand Bradley’s interpretation of the privacy exemption. But I part company from the majority in its application of the new interpretation.
APPLICATION OF THE NEW INTERPRETATION OF THE PRIVACY EXEMPTION
I differ in two respects with the majority’s application of the law to the facts of this case. First, defendant *689 has already given plaintiff the home addresses and telephone numbers of those employees who consented to the publication of that information in the faculty and staff directory. Thus, to resolve this case, the majority need not decide whether the home addresses and telephone numbers of all of defendant’s employees constitute information “of a personal nature.” It need only decide whether the home addresses and telephone numbers of employees who refused to allow publication of this information in the school directory are exempt from disclosure. The majority overreaches by unnecessarily deciding the case on a broader basis.
Second, I disagree with the majority’s decision insofar as it holds that the home addresses and telephone numbers of all defendant’s employees are exempt. Merely because some of defendant’s employees keep their addresses and telephone numbers private does not mean that the addresses and telephone numbers of all the employees is information “of a personal nature.”
Employees whose addresses and home telephone numbers are unlisted and who refused to allow defendant to publish them in the school directory have done everything possible to keep that information private. And, by taking action to protect their addresses and telephone numbers from mass dissemination, these individuals have indicated that they consider the information private. Thus, it is reasonable to conclude that the home addresses and telephone numbers of those employees is information “of a personal nature.”
Under the privacy exemption, information that is “of a personal nature” is exempt if disclosure of it would constitute a “clearly unwarranted invasion of an individual’s privacy.”[21] The disclosure of the addresses and *690 telephone numbers of employees who have made efforts to keep this information private would constitute an unwarranted invasion of their privacy. Therefore, I would hold that this information is exempt from disclosure.
But it does not follow that the home addresses and telephone numbers of all defendant’s employees is information “of a personal nature.”[22] Employees who either have a listed telephone number or who have given defendant permission to publish their information have released their information for mass viewing. By so doing, they have allowed the information to become public.
Individuals who have allowed their information to be made public cannot be heard to argue that the information is private. It is illogical to decide that information pertaining to an individual is private information if the individual himself or herself does not treat it that way. Therefore, the home addresses and telephone numbers of those employees who either have a listed telephone number or who have allowed defendant to publish their information is generally not “of a personal nature.” If information is not “of a personal nature,” the privacy exemption does not apply to it.
Of course, public information could be “of a personal nature” if disclosure of it reveals something intimate or embarrassing about an individual. For instance, in Mager v Dep’t of State Police,[23] the plaintiff requested the addresses of persons who owned registered handguns. The information sought in Mager is an example of *691 information that is “of a personal nature” regardless of whether the individual allows it to be made publicly available. Disclosing that information would reveal something intimate about the individual: that he or she owns a handgun. The information requested in the case on appeal would reveal that the employee works for defendant, not an intimate or embarrassing fact. Thus, I would hold that defendant must turn over the home addresses and telephone numbers of employees who have not taken steps to keep that information private.
CONCLUSION
I agree with the decision to expand Bradley’s interpretation of the privacy exemption to provide that private information is “of a personal nature.” But unlike the majority, I do not believe that the home addresses and telephone numbers of all defendant’s employees come within the terms of the privacy exemption. I would hold that the home addresses and telephone numbers of employees whose telephone numbers are unlisted and who have not allowed defendant to publish this information are exempt from disclosure. But defendant must disclose the home addresses and telephone numbers of its other employees.
WEAVER, J., concurred with KELLY, J.

 MCL 15.243(l)(a).

 MCL 15.231 et seq.

 When I use the term “unlisted” in this opinion, I am referring to information that is not published in the public telephone directory.

 Michigan Federation of Teachers & School Related Personnel, AFT, AFL-CIO v Univ of Michigan, unpublished opinion per curiam of the Court of Appeals, issued March 22, 2007 (Docket No. 258666).

 480 Mich 902 (2007).

 MCL 15.243(l)(a).

 Bradley v Saranac Community Schools Bd of Ed, 455 Mich 285; 565 NW2d 650 (1997).

 Id. at 294.

 Id. at 306-307 (Boyle, J., dissenting in part).

 Kestenbaum v Michigan State Univ; 414 Mich 510; 327 NW2d 783 (1982).

 Swickard v Wayne Co Med Examiner; 438 Mich 536; 475 NW2d 304 (1991).

 Kestenbaum, 414 Mich at 547 (opinion of Ryan, J.).

 Swickard, 438 Mich at 547, quoting The American Heritage Dictionary of the English Language, Second College Edition (1976).

 Ante at 676 (emphasis deleted).

 The majority’s interpretation differs from those of Kestenbaum and Swickard in that neither case defined the phrase “of a personal nature” to include confidential information. They did provide that private information is “of a personal nature.” If information is confidential, it is necessarily private. Thus, as I see it, private information includes confidential information. Therefore, any discrepancy between the Kestenbaum and Swickard definitions and the majority’s interpretation is a distinction without a difference.

 CBOCS West, Inc v Humphries,_US_,_; 128 S Ct 1951, 1958; 170 L Ed 2d 864 (2008).

 See The President’s Identity Theft Task Force, Combating Identity Theft: A Strategic Plan, April 2007, p 1 <http://www.identiiytheft.gov/ reports/StrategicPlan.pdf> (accessed May 29, 2008).

 Id. at 39.

 Id. at 11-12.

 Parker v Port Huron Hosp, 361 Mich 1, 24-25; 105 NW2d 1 (1960); Brown v Bd of Ed, 347 US 483, 492-495; 74 S Ct 686; 98 L Ed 873 (1954).

 MCL 15.243(l)(a).

 The burden is on the public body to justify its refusal to disclose the requested information. MCL 15.240(4). The public body does not justify its refusal by showing that some of the requested information is exempt. It must show that all the requested information is exempt.

 Mager v Dep’t of State Police, 460 Mich 134; 595 NW2d 142 (1999).