KOCHER v DEPARTMENT OF TREASURY

Docket No. 214985. Submitted February 1, 2000, at Grand Rapids. Decided
    May 30, 2000, at 9:00 A.M.

    James F. Kocher brought an action in the Ingham Circuit Court
against the Department of Treasury, alleging that the defendant had
violated the provisions of the Freedom of Information Act (FOIA),
MCL 15.231 *et seq.*; MSA 4.1801(1) *et seq.*, by refusing to disclose to
him certain information contained in reports relating to unclaimed
property holders that are maintained by the defendant's unclaimed
property division. The plaintiff had requested that the defendant
allow him to inspect the reports relating to unclaimed property
holders that were contained in the annual transmittal reports for
General Motors Corporation, Ford Motor Company, and Chrysler
Corporation for the years 1983, 1984, and 1985. The defendant
refused to disclose the addresses of the owners contained in those
reports on the basis that the address information was of such a
personal nature that its disclosure would constitute an unwar-
ranted invasion of the owners' privacy and, accordingly, that the
information was exempt from disclosure pursuant to subsection
13(1)(a) of the FOIA, MCL 15.243(1)(a); MSA 4.1801(13)(1)(a). The
plaintiff moved for summary disposition, and the defendant filed a
request for judgment. The court, William E. Collette, J., denied
summary disposition for the plaintiff and entered a judgment for
the defendant, finding that the holders of abandoned property
would not expect that the address information that they had given
to financial institutions would be given to the state and made pub-
lic. The plaintiff appealed.

    The Court of Appeals *held*:

    1. The basic purpose of the FOIA of full disclosure unless informa-
tion is exempted from disclosure under clearly delineated statutory
language focuses on the public's right to know what their govern-
ment is doing. That purpose, however, is not fostered by disclosure
of information about private citizens that is accumulated in various
government files but that reveals little or nothing about an agency's
own conduct.

    2. Assuming that the addresses sought here fall within the defini-
tion of personal information, it is apparent that the release of the

addresses to the plaintiff would constitute an unwarranted invasion of the privacy of the property owners. Because the plaintiff's request for information concerning private citizens is unrelated to how well the defendant is complying with its statutory functions, that information is exempt from disclosure under subsection 13(1)(a) of the FOIA.

Affirmed.

RECORDS — FREEDOM OF INFORMATION ACT — UNCLAIMED PROPERTY REPORTS — ADDRESSES.

The addresses of property owners contained in the reports concerning unclaimed property holders that are maintained by the unclaimed property division of the Department of Treasury is personal information that is unrelated to how well the department is complying with its statutory functions and, thus, is exempt from disclosure under the provisions of the Freedom of Information Act (MCL 15.243[1][a]; MSA 4.1801[13][1][a]).

*Foster, Swift, Collins & Smith, P.C.* (by *Michael W. Puerner* and *Barbara J. Oyer*), for the plaintiff.

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Thomas Quasarano*, Assistant Attorney General, for the defendant.

Before: FITZGERALD, P.J., and SAAD and WHITBECK, JJ.

FITZGERALD, P.J. Plaintiff appeals as of right the order denying plaintiff's motion for summary disposition and granting judgment in favor of defendant pursuant to MCR 2.116(I)(2). We affirm.

The facts are undisputed. Plaintiff, an attorney in Indiana, reviews governmental records, including unclaimed property holder reports maintained by defendant's unclaimed property division pursuant to the Uniform Unclaimed Property Act, MCL 567.221 *et seq.*; MSA 26.1055(1) *et seq.* These reports include the name, social security number, and last known address of persons who have unclaimed property. In November 1997, pursuant to the Freedom of Informa-

tion Act (FOIA), MCL 15.231 *et seq.*; MSA 4.1801(1) *et seq.*, plaintiff requested that defendant allow him to personally inspect the unclaimed property holder reports for the annual transmittal reports for General Motors Corporation, Ford Motor Company, and Chrysler Corporation for the years 1983, 1984, and 1985. Defendant refused to disclose addresses of the property holders pursuant to subsection 13(1)(a) of the FOIA, MCL 15.243(1)(a); MSA 4.1801(13)(1)(a).

After plaintiff's request for reconsideration was denied by defendant, plaintiff brought this action, alleging a right to the unclaimed property holders' addresses under the FOIA. Plaintiff subsequently moved for summary disposition pursuant to MCR 2.116(C)(10), and defendant filed a cross-motion for judgment in its favor pursuant to MCR 2.116(I)(2). The trial court denied plaintiff's motion for summary disposition and entered a judgment for defendant. The court reasoned that because abandoned property holders would not expect the state to receive information about them from third-party financial institutions, it would be a "disservice" to the property holders to allow their addresses to be made public. Plaintiff appeals this order, requesting that defendant be ordered to disclose the addresses of the holders of the unclaimed property under the FOIA. This Court reviews such issues of law de novo. *Cardinal Mooney High School v Michigan High School Athletic Ass'n*, 437 Mich 75, 80; 467 NW2d 21 (1991).

The FOIA protects a citizen's right to examine and to participate in the political process. *Booth Newspapers, Inc v Univ of Michigan Bd of Regents*, 444 Mich 211, 231; 507 NW2d 422 (1993). By requiring the public disclosure of information regarding the affairs of

government and the official acts of public officials and employees, the act enhances the public's understanding of the operations or activities of the government. *Bradley v Saranac Community Schools Bd of Ed*, 455 Mich 285, 291; 565 NW2d 650 (1997).

Subsection 3(1) of the FOIA, MCL 15.233(1); MSA 4.1801(3)(1), states:

> Except as expressly provided in section 13, upon providing a public body's FOIA coordinator with a written request that describes a public record sufficiently to enable the public body to find the public record, a person has a right to inspect, copy, or receive copies of the requested public record of the public body.

Section 13 of the FOIA sets forth a number of items that a public body may withhold from disclosure. MCL 15.243; MSA 4.1801(13) states:

> (1) A public body may exempt from disclosure as a public body record under this act:
>
> (a) Information of a *personal nature* where the public disclosure of the information would constitute a clearly *unwarranted invasion of an individual's privacy*. [Emphasis added.]

In *Mager v Dep't of State Police*, 460 Mich 134; 595 NW2d 142 (1999), the plaintiff sought the names and addresses of persons who owned registered guns. The *Mager* Court stated:

> [W]e take guidance from the United States Supreme Court's discussion in *United States Dep't of Defense v Federal Labor Relations Authority*, 510 US 487; 114 S Ct 1006; 127 L Ed 2d 325 (1994).
>
> Referring to earlier decisions, the U.S. Supreme Court said in *Dep't of Defense* that "in evaluating whether a request for information lies within the scope of a FOIA

exemption, such as [5 USC 552(b)(6)], that bars disclosure when it would amount to an invasion of privacy that is to some degree unwarranted, a court must balance the public interest in disclosure against the interest Congress intended the exemption to protect." 510 US 495. The Court added that "the only relevant public interest in disclosure to be weighed in this balance is the extent to which disclosure would serve the core purpose of the FOIA, which is contributing significantly to public understanding *of the operations or activities of the government.*" 510 US 495. From there, the Court continued by noting this language from *Dep't of Justice v Reporters Committee for Freedom of the Press,* 489 US 749, 773; 109 S Ct 1468; 103 L Ed 2d 774 (1989):

"The basic [FOIA] policy of 'full agency disclosure unless information is exempted under clearly delineated statutory language,' " [*Dep't of Air Force v Rose,* 425 US 352, 360-361; 96 S Ct 1592; 48 L Ed 2d 11 (1976)], indeed focuses on the citizens' right to be informed about 'what their government is up to.' Official information that sheds light on an agency's performance of its statutory duties falls squarely within that statutory purpose. That purpose, however, is not fostered by disclosure of information about private citizens that is accumulated in various government files but that reveals little or nothing about an agency's own conduct. In this case—and presumably in the typical case in which one private citizen is seeking information about another—the requester does not intend to discover anything about the conduct of the agency that has possession of the requested records. Indeed, response to this request would not shed any light on the conduct of any Government agency or official." [*Id.* at 144-146.]

Assuming the addresses sought here fall within the definition of "personal information," given the clear language in *Mager,* it is apparent that the release of the property holders' addresses to plaintiff would constitute an unwarranted invasion of privacy. Plaintiff's request for information concerning private citizens is unrelated to how well defendant is complying

with its statutory functions. Hence, we conclude that the addresses sought are exempt from disclosure under the FOIA.

Affirmed.