DETROIT FREE PRESS, INC v DEPARTMENT OF
CONSUMER AND INDUSTRY SERVICES

Docket No. 229864. Submitted May 17, 2001, at Detroit. Decided June 5,
2001, at 9:15 A.M.

Detroit Free Press, Inc., brought an action in the Wayne Circuit Court
against the Department of Consumer and Industry Services, Office
of Financial and Insurance Services, Division of Insurance, seeking
access pursuant to the Freedom of Information Act (FOIA), MCL
15.231 *et seq.*, to consumer complaints filed with the defendant
against property insurers in 1999, as well as the defendant's
database of insurance complaints filed in the years 1998 to 2000.
The defendant had refused to disclose the requested information
on the basis of the privacy exemption of the FOIA, MCL
15.243(1)(a). On cross-motions for summary disposition, the court,
Robert L. Ziolkowski, J., granted summary disposition for the plain-
tiff, ordering disclosure of the information, but with the names and
addresses of private-citizen complainants redacted. The plaintiff
appealed, challenging the trial court's decision to have names and
addresses of private-citizen complainants redacted.

The Court of Appeals *held*:

The FOIA requires full disclosure of public records, unless a statu-
tory exemption precludes disclosure, to facilitate the public's
understanding of the operation and activities of government. To be
exempted under the privacy exemption of the FOIA, information
must be of a personal nature and its disclosure must amount to a
clearly unwarranted invasion of privacy. Information is of a per-
sonal nature if it reveals intimate or embarrassing details of an
individual's private life. In this case, the information whose disclo-
sure was sought included information that was embarrassing or
intimate to private citizens and therefore was personal in nature.
The trial court struck the right balance between the public interest
in disclosure and an individual complainant's right to privacy by
ordering the disclosure of the information in redacted form. The
information ordered to be disclosed would contribute significantly
to the public's understanding of how the defendant investigates
consumer complaints, whereas disclosure of the names and
addresses of private-citizen complainants would not.

Affirmed.

RECORDS — FREEDOM OF INFORMATION ACT — DISCLOSURE — EXEMPTIONS —
    PUBLIC INTEREST — PRIVACY INTEREST.

> The determination whether disclosure of information sought pursuant
> to a Freedom of Information Act request would be a clearly unwar-
> ranted invasion of an individual's privacy for purposes of a statu-
> tory exemption from disclosure involves balancing the public inter-
> est in disclosure against the privacy interest sought to be protected
> by the statutory exemption; the relevant public interest in disclo-
> sure is the extent to which disclosure would serve the core pur-
> pose of the act, which is to contribute significantly to the public's
> understanding of the operations or activities of the government so
> that members of the public may fully participate in the democratic
> process (MCL 15.231[2], 15.243[1][a]).

*Honigman Miller Schwartz and Cohn LLP* (by
*Herschel P. Fink* and *Cynthia G. Thomas*), for the
plaintiff.

*Jennifer M. Granholm*, Attorney General, *Thomas
L. Casey*, Solicitor General, and *Thomas Quasarano*,
Assistant Attorney General, for the defendant.

Before: K. F. KELLY, P.J., and O'CONNELL and COOPER,
JJ.

O'CONNELL, J. In this action brought pursuant to the
Freedom of Information Act (FOIA), MCL 15.231 *et
seq.*, plaintiff appeals as of right from the trial court's
grant of summary disposition to defendant. We affirm.

On May 5, 2000, plaintiff sent an FOIA request to
defendant, seeking the opportunity to review all con-
sumer complaints filed with defendant against prop-
erty insurers in 1999. The letter specified that plaintiff
was seeking "all complaints filed in 1999, regardless
of [defendant's] determination of their merit." The
request also sought access to all of defendant's docu-

mentation arising from these complaints,[1] as well as the complainants' names, addresses, and telephone numbers. A second request dated the same day also sought a copy of defendant's database of insurance complaints spanning the years 1998, 1999, and 2000.[2]

Defendant denied plaintiff's request to review the consumer complaint files and the database, concluding that disclosure of this information would amount to an unwarranted invasion of privacy in violation of the FOIA. See MCL 15.243(1)(a). Plaintiff subsequently filed a complaint seeking disclosure of the information pursuant to the FOIA. On cross-motions for summary disposition, the trial court concluded that information in the consumer complaint files was not exempt from disclosure.[3] However, the trial court ordered that the names and addresses of the private citizens who filed the complaints be redacted. On appeal, plaintiff challenges the trial court's decision to redact this information.

---

[1] Plaintiff's request specified that it was not seeking documentation arising from complaints filed against medical insurers. With regard to the records sought, plaintiff's request stated:

> These documents shall included [sic], but not be limited to, documents showing what the department did to investigate the complaints, all correspondence, reports, photographs, etc.

[2] A review of plaintiff's second FOIA request demonstrates that the database compiles "such information as the names and addresses of insurance companies, names and addresses of complaintants [sic], date of complaint, reason for complaint, type of complaint, action taken on complaint, the date that action was taken, and any determinations or sanctions relating to those complaints."

[3] It is unclear from the trial court's ruling whether its decision included defendant's complaint database.

We review a trial court's grant or denial of summary disposition de novo. *Spiek v Dep't of Transportation*, 456 Mich 331, 337; 572 NW2d 201 (1998).[4]

> In evaluating a motion for summary disposition brought under [MCR 2.116(C)(10)], a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties in the light most favorable to the party opposing the motion. Where the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law. [*Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999) (citations omitted).]

Whether a statutory exemption in the FOIA applies to preclude disclosure of a public record is a question of law that we also review de novo. *Larry S Baker, PC v Westland*, 245 Mich App 90, 93; 627 NW2d 27 (2001).

The Legislature's purpose in enacting the FOIA is clearly stated in MCL 15.231(2):

> It is the public policy of this state that all persons, except those persons incarcerated in state or local correctional facilities, are entitled to full and complete information regarding the affairs of government and the official acts of those who represent them as public officials and public employees, consistent with this act. The people shall be informed so that they may fully participate in the democratic process.

---

[4] The trial court's order did not indicate what subsection of MCR 2.116 supported its grant of summary disposition. Defendant moved for summary disposition under MCR 2.116(C)(8) and (10) and to dismiss under MCR 2.116(I)(2). In support of their respective motions, both plaintiff and defendant attached documentary evidence and affidavits. Because the trial court considered material beyond the pleadings in evaluating the motions, we review its decision as having been decided pursuant to MCR 2.116(C)(10). *DeHart v Joe Lunghamer Chevrolet, Inc*, 239 Mich App 181, 184; 607 NW2d 417 (1999).

As our Supreme Court recently observed in *Kent Co Deputy Sheriff's Ass'n v Kent Co Sheriff*, 463 Mich 353, 359; 616 NW2d 677 (2000), the FOIA is "a broadly written statute designed to open the closed files of government." By mandating the disclosure of information relating to the affairs of government and the official acts of public officials and employees, the FOIA facilitates the public's understanding of the operations and activities of government. *Kocher v Dep't of Treasury*, 241 Mich App 378, 381; 615 NW2d 767 (2000).

Accordingly, our courts have interpreted the FOIA as an act requiring full disclosure of public records unless a statutory exemption precludes the disclosure of information. *Messenger v Dep't of Consumer & Industry Services*, 238 Mich App 524, 531; 606 NW2d 38 (1999). The exemptions in the FOIA are narrowly construed, and the party asserting the exemption bears the burden of proving that the exemption's applicability is consonant with the purpose of the FOIA. *Manning v East Tawas*, 234 Mich App 244, 248; 593 NW2d 649 (1999).

At issue is the applicability of MCL 15.243, which provides in pertinent part:

> (1) A public body may exempt from disclosure as a public record under this act:
>
> (a) Information of a *personal nature* where the public disclosure of the information would constitute a *clearly unwarranted invasion of an individual's privacy*. [Emphasis supplied.]

To be exempted under § 13 of the FOIA, information must be of a personal nature, and the disclosure of the information must amount to a clearly unwar-

ranted invasion of privacy. *Detroit Free Press, Inc v Dep't of State Police*, 243 Mich App 218, 224; 622 NW2d 313 (2000); *Bradley v Saranac Community Schools Bd of Ed*, 455 Mich 285, 294; 565 NW2d 650 (1997). In *Bradley*, our Supreme Court clarified the first prong of this two-part test, concluding that information is of a personal nature "if it reveals intimate or embarrassing details of an individual's private life." *Id.* Further, this standard is evaluated in accordance with " ' "the 'customs, mores, or ordinary views of the community.' " ' " *Id.* quoting *Swickard v Wayne Co Medical Examiner*, 438 Mich 536, 547, n 14; 475 NW2d 304 (1991).

Therefore a threshold inquiry is whether the requested information is of a personal nature. Information not of a personal nature is subject to disclosure without considering the second prong of the privacy exemption. *Baker, supra* at 95; *Bradley, supra* at 295. Plaintiff argues that the names and addresses of private citizens is not information of a personal nature and is required to be disclosed. Underlying plaintiff's argument is the suggestion that our inquiry should focus solely on whether the names and addresses of private citizens is information of a personal nature, and not take into account whether the information in the consumer complaint files and database is of a personal nature. We reject plaintiff's line of reasoning because it is not the approach taken by this Court and our Supreme Court in recent decisions construing the privacy exemption.

For example, in *Herald Co v Bay City*, 463 Mich 111; 614 NW2d 873 (2000), our Supreme Court evaluated whether "the names, current job titles, cities of residence and age" of candidates for the position of

Bay City Fire Chief were subject to disclosure under the FOIA. *Id.* at 114-116. Rather than considering solely whether the identifying information was of a personal nature, the Court framed its inquiry in the following manner:

> This case requires us to decide *whether the fact of appli-cation for a particular public job* and information supplied therewith is information of a personal nature, and if so, whether the disclosure of such information would consti-tute a clearly unwarranted invasion of an individual's pri-vacy. [*Id.* at 123 (internal quotation marks omitted) (empha-sis supplied).]

Similarly, in *Mager v Dep't of State Police*, 460 Mich 134; 595 NW2d 142 (1999), the plaintiff sought the names and addresses of registered gun owners in Michigan. However, our Supreme Court did not con-sider simply whether the names and addresses of reg-istered gun owners was information of a personal nature as contemplated by the FOIA's privacy exemp-tion. Rather, the Court narrowed its focus to whether "gun ownership is 'information of a personal nature.' " *Id.* at 143. Moreover, in *Detroit Free Press, supra* at 225, this Court evaluated whether the fact that an individual was licensed to carry a concealed weapon was information of a personal nature, declining to iso-late its analysis to whether the individual's name and registration status was information personal in nature.

Consequently, we must decide whether information contained in consumer complaint files and the database is information of a personal nature. Keeping in mind that this is a " 'highly subjective area of the law where the Legislature has provided little statutory guidance,' " we are satisfied that the information

sought by plaintiff is information of a personal nature. *Mager, supra* at 143, quoting *Swickard, supra* at 556.

In support of its motion for summary disposition in the lower court, defendant appended the affidavit of John Schoonmaker, defendant's FOIA coordinator. In his affidavit, Schoonmaker stated:

> Consumer complaint files contain a vast amount of personal information. In implementing the FOIA, [defendant] must balance the general goal of making records available to the public, with the privacy right of the individuals. Sensitive and detailed personal information is contained in consumer complaint files stemming from automobile insurance, homeowners' insurance, and health insurance claims. Examples of sensitive, initmate [sic], and personal information about private citizens include details about domestic and sexual assaults, drug abuse, allegations of fraud made by insurers against claimants, surgical procedures, such as one performed on a woman so she could engage in sexual intercourse on her honeymoon, and photographs of body parts, including a breast damaged by a breast implant that burst. Furthermore, a consumer complaint file is intrinsically based upon personal information. If a consumer complaint file is open for public inspection, the following information, at the least, would be revealed: That a person owns or has something of value, typically specific personal or real property; that a person buys insurance; that the person has bought insurance from a particular company; that a person has experienced a loss; that the person has made a claim for the loss against an insurer; that the insurer has denied the claim in whole or in part; and that the person challenged the claim denial by coming to [defendant].

In our opinion, the requested public records contain information of a personal nature[5] because they

---

[5] According to plaintiff, the information in the complaint files is not personal in nature because defendant allowed plaintiff to review closed complaint files. It appears from the record that the complaint files plain-

include sensitive details pertaining to people's personal lives. For example, the public records may reveal information regarding the existence and value of specific assets an individual owns, such as firearms. See *Mager, supra.* Similarly, the public records may contain information relating to an individual's private life, such as the denial of an insurance claim or allegations of fraud. See *Bradley, supra* at 295. Because the information plaintiff seeks is embarrassing, intimate, or private in nature, we conclude that the requested records satisfy the first element of the privacy exemption.

We now turn to whether disclosure of the information would constitute a "clearly unwarranted invasion of an individual's privacy" within the meaning of MCL 15.243(1)(a). As our Supreme Court opined in *Herald Co, supra,* "[b]y providing that the invasion of privacy must be *clearly unwarranted,* the Legislature has unmistakably indicated that the intrusion must be more than slight, but a very significant one indeed." *Herald Co, supra* at 126 (emphasis in original). The *Mager* Court articulated the balancing process courts must undertake when considering if an invasion of privacy is "clearly unwarranted."[6] " '[A] court must

---

tiff refers to were inadvertently disclosed. In any event, we are not convinced that the inadvertent disclosure of some of the complaint files amounts to a private citizen's relinquishment of their right to privacy. " '[A]n individual's interest in controlling the dissemination of information of personal matters does not dissolve simply because that information may be available to the public in some form.' " *Detroit Free Press, supra* at 227, n 6, quoting *United States Dep't of Defense v Federal Labor Relations Authority,* 510 US 487, 500; 114 S Ct 1006; 127 L Ed 2d 325 (1994).

[6] Plaintiff argues that under this portion of the privacy exemption analysis we are required to consider whether defendants would have an actionable claim for invasion of privacy at common law. An identical argument was rejected by this Court in *Detroit Free Press, supra* at 227, n 7.

balance the public interest in disclosure against the interest [the Legislature] intended the exemption to protect.'" *Mager, supra* at 145, quoting *United States Dep't of Defense v Federal Labor Relations Authority*, 510 US 487, 495; 114 S Ct 1006; 127 L Ed 2d 325 (1994). As this Court observed in *Detroit Free Press, supra*:

> [T]he only relevant public interest in disclosure to be weighed in this balance is the extent to which the disclosure would serve the core purpose of the FOIA, which is contributing significantly to public understanding *of the operations or activities of the government.* [*Detroit Free Press, supra* at 228, quoting *Mager, supra* at 145, in turn quoting *United States Dep't of Defense, supra* at 495 (emphasis in original) (internal quotation marks omitted).]

See also Kocher, supra at 382.

We share plaintiff's view that disclosure of the information in the complaint files and the database could contribute significantly to public understanding of defendant's operations and activities. It is this strong public interest in disclosure that we must weigh against the individual complainant's right to privacy. Because the requested information would contribute significantly to public understanding of how defendant investigates consumer complaints, we believe it was properly disclosed.

We do not believe, however, that disclosing the names and addresses of private citizens who file complaints would likewise illuminate the public's understanding of defendant's functions. In our opinion, disclosing the names and addresses of private citizens would not "further the knowledge of the public concerning how their government operates." *Baker, supra* at 97-98. Unlike the information in the complaint files and the database, which could potentially

shed light on why defendant chooses to investigate some complaints over others, plaintiff's request for the names and addresses of private individuals is "unrelated to how well defendant is complying with its statutory functions." *Kocher, supra* at 382-383.

Our conclusion accords with this Court's recent decision in *Detroit Free Press, supra*. The *Detroit Free Press* Court concluded that the public interest in knowing whether public officials are treated more favorably when applying for concealed weapon permits was adequately served by providing access to the applications, while deleting information identifying the applicants. *Detroit Free Press, supra* at 230.[7] In our opinion, redacting the names and addresses of the private citizen complainants strikes a balance between preserving "the informative value" of the records sought and protecting the individual's right to privacy.[8] See *Bradley, supra* at 304; MCL 15.244.

Affirmed.

---

[7] See also *Herald Co, supra* at 125.

[8] We recognize that Michigan law allows the disclosure of individual's names and addresses under certain circumstances. See, e.g., *Int'l Union, United Plant Guard Workers of America v Dep't of State Police*, 422 Mich 432; 373 NW2d 713 (1985) (allowing disclosure of names and addresses of security guards to the plaintiff union); *State Employees Ass'n v Dep't of Management & Budget*, 428 Mich 104; 404 NW2d 606 (1987) (allowing disclosure of government employees' home addresses); *Oakland Press v Pontiac Stadium Building Authority*, 173 Mich App 41; 433 NW2d 317 (1988) (allowing disclosure of names and addresses of licensees who leased suites at sports stadium); *Kestenbaum v Michigan State Univ*, 414 Mich 510; 327 NW2d 783 (1982) (considering whether disclosure of magnetic tape containing MSU students' names and addresses was precluded by privacy exemption). In contrast, under the circumstances of this case, where (1) the disclosure of the names and addresses would do little to increase public understanding of defendant's performance of its statutory functions, and (2) the information in the complaint files is very personal in nature, we " 'are reluctant to disparage the privacy of the home, which is accorded special consideration in our Constitution, laws, and traditions.' " *Mager, supra* at 146, n 23, quoting *United States Dep't of Defense, supra* at 501.