STONE STREET CAPITAL, INC v BUREAU OF STATE LOTTERY

Docket No. 248822. Submitted July 13, 2004, at Lansing. Decided September 30, 2004, at 9:00 A.M.

Stone Street Capital, Inc., brought an action under the Freedom of Information Act (FOIA), MCL 15.231 *et seq.*, in the Ingham Circuit Court that sought to compel the Bureau of State Lottery to disclose the names and other personal information of assignees of lottery prize winnings greater than $10,000. The court, William E. Colette, J., denied the plaintiff's motion for summary disposition and instead granted summary disposition to the defendant pursuant to MCR 2.116(I)(2). The trial court determined that the names and other personal information of assignees of lottery prize winners were exempt from disclosure. The plaintiff appealed.

The Court of Appeals *held*:

1. Section 25(9) of the Lottery Act, MCL 432.25(9), provides that the commissioner or an officer or employee of the Bureau of State Lottery shall not disclose the name, address, or any other personal information concerning a winner of a prize greater than $10,000 drawn from the state lottery, unless the winner of such a prize agrees in writing to allow the disclosure. The rationale for nondisclosure of personal information concerning such a winner is to provide anonymity to avoid unnecessary disruption in the winner's life. That rationale equally supports nondisclosure of personal information concerning an assignee of a winner.

2. Section 13(1)(a) of the FOIA, MCL 15.243(1)(a), exempts from disclosure information of a personal nature if disclosure would constitute a clearly unwarranted invasion of a person's privacy. The receipt of lottery winnings over $10,000 by assignment is information of a personal nature whose disclosure would be an unwarranted invasion of the assignee's privacy. The disclosure of such information does not satisfy the core purpose of the FOIA—the disclosure of information that contributes significantly to the public's understanding of the operations of government.

Affirmed.

LOTTERY — FREEDOM OF INFORMATION ACT — DISCLOSURE — EXEMPTIONS —
PERSONAL INFORMATION.

> The names, addresses, and other personal information of assignees
> of lottery winnings greater than $10,000 are exempt from disclo-
> sure by the Bureau of State Lottery in an action brought under the
> Freedom of Information Act; disclosure is precluded under the
> Lottery Act provision that exempts from disclosure the personal
> information of a winner of a prize of greater than $10,000 drawn
> from the state lottery except upon written permission of the
> winner, and is precluded as well by the provision of the Freedom of
> Information Act that exempts from disclosure information of a
> personal nature which disclosure constitutes a clearly unwar-
> ranted invasion of an individual's privacy (MCL 15.243[1][a],
> 423.25[9]).

*Law Offices of Cunningham & Associates* (by *Dou-
glas C. Cunningham*) for the plaintiff.

*Michael A. Cox*, Attorney General, *Thomas L. Casey*,
Solicitor General, and *Thomas Quasarano*, Assistant
Attorney General, for the defendant.

Before: BANDSTRA, P.J., and FITZGERALD and HOEKSTRA,
JJ.

PER CURIAM. In this action pursuant to Michigan's
Freedom of Information Act (FOIA), MCL 15.231 *et seq.*,
to compel disclosure of public records and other infor-
mation by defendant Michigan Bureau of State Lottery,
plaintiff Stone Street Capital, Inc., appeals as of right
the trial court's order denying its motion for summary
disposition, granting summary disposition in favor of
defendant, and dismissing plaintiff's complaint with
prejudice. We affirm.

Plaintiff is engaged in the business of purchasing at
discount rates lottery prize payments from the assign-
ees of lottery prize winners. In order to identify indi-
viduals who are assignees, plaintiff requested from
defendant, pursuant to the FOIA, certain documents that

would likely reveal personal information of lottery prize assignees. Defendant responded by sending to plaintiff numerous documents, including court orders, judgments, letters, disclosure statements, a writ of garnishment, and even an unpublished opinion of this Court, among other things. However, defendant had redacted from the documents all personal information about prize winners and their assignees.

Plaintiff objected to the redactions within the documents that defendant sent in response to plaintiff's FOIA request and requested that defendant disclose the redacted information. In response to this request, defendant advised plaintiff that the information redacted is exempt from public disclosure under MCL 432.25(9) and MCL 15.243(1)(d) and (w). Plaintiff then filed the instant action requesting disclosure of the redacted portions of the documents that pertained to lottery prize assignees. Defendant answered the complaint and asserted affirmative defenses and demanded that plaintiff answer the affirmative defenses. After a period of legal maneuvering, the trial court entered an order directing plaintiff to file a response to defendant's affirmative defenses. However, plaintiff failed to do so.

Instead, almost one year later, plaintiff moved for summary disposition under MCR 2.116(C)(10), arguing that the majority of the redacted information was not exempt. In response to this motion, defendant filed a brief in opposition and also sought judgment in its favor under MCR 2.116(I)(2), arguing that because plaintiff failed to file a response to defendant's affirmative defenses, they were admitted. After hearing arguments, the trial court concluded that the affirmative defenses were admitted and that defendant did not violate the FOIA. Accordingly, the trial court granted summary

disposition in favor of defendant pursuant to MCR 2.116(I)(2) and dismissed the complaint with prejudice. This appeal ensued.

On appeal, plaintiff argues, in essence, that the trial court erred in determining that defendant did not violate the FOIA because the redacted information is not subject to exemption under the FOIA, and thus the trial court erred in granting summary disposition in favor of defendant. We disagree.

This Court reviews de novo a trial court's ruling on a motion for summary disposition. *Spiek v Dep't of Transportation*, 456 Mich 331, 337; 572 NW2d 201 (1998). " 'The trial court properly grants summary disposition to the opposing party under MCR 2.116(I)(2) if the court determines that the opposing party, rather than the moving party, is entitled to judgment as a matter of law.' " *The Local Area Watch v Grand Rapids*, 262 Mich App 136, 142; 683 NW2d 745 (2004), quoting *Washburn v Michailoff*, 240 Mich App 669, 672; 613 NW2d 405 (2000). " 'Whether a public record is exempt from disclosure under the FOIA is a mixed question of fact and law, and we review the trial court's factual findings for clear error and review questions of law de novo.' " *The Local Area Watch, supra* at 142-143, quoting *Detroit Free Press, Inc v City of Warren*, 250 Mich App 164, 166; 645 NW2d 71 (2002). Our Supreme Court has held that "the application of exemptions [under the FOIA] requiring legal determinations are reviewed under a de novo standard, while application of exemptions requiring determinations of a discretionary nature . . . are reviewed under a clearly erroneous standard." *Federated Publications, Inc v Lansing*, 467 Mich 98, 101; 649 NW2d 383 (2002). Further, the proper interpretation of a statute is a question of law subject to review de novo. *Brown v Genesee Co Bd of Comm'rs (After Remand)*,

464 Mich 430, 433; 628 NW2d 471 (2001).

The FOIA protects a citizen's right to examine and to participate in the political process by requiring public disclosure of information regarding the formal acts of public officials and employees. *Booth Newspapers, Inc v Univ of Michigan Bd of Regents*, 444 Mich 211, 231; 507 NW2d 422 (1993). The act mandates " '[a] policy of full disclosure . . . .' " *Id.*, quoting *Swickard v Wayne Co Medical Examiner*, 438 Mich 536, 543; 475 NW2d 304 (1991); see MCL 15.233(1). However, § 13 of the act, MCL 15.243, sets forth narrow exemptions that allow a public body to exempt certain information from disclosure. *Booth Newspapers, supra* at 231-232.

In relevant part, § 13(1) provides:

> A public body may exempt from disclosure as a public record under this act any of the following:
>
> *    *    *
>
> (d) Records or information specifically described and exempted from disclosure by statute. [MCL 15.243(1)(d).]

Section 25(9) of the Lottery Act, MCL 432.1 *et seq.*, provides:

> Except as otherwise provided by state or federal law, the commissioner or an officer or employee of the bureau shall not disclose the name, address, or any other personal information concerning a winner of a prize greater than $10,000.00 drawn from the state lottery, unless the winner of a prize agrees in writing to allow the disclosure. Subject to subsection (10), the information protected against disclosure under this section is exempt from disclosure under the freedom of information act, . . . MCL 15.231 to 15.246. [MCL 432.25(9).]

According to plaintiff, read together, § 13(1)(d) of the FOIA and § 25(9) of the Lottery Act exempt only winners

of lottery prizes from having their personal information disclosed and this exemption does not extend to other persons receiving lottery prizes pursuant to an assignment.[1] However, both in the trial court and again on appeal defendant, in essence, concedes that § 13(1)(d) of the FOIA and § 25(9) of the Lottery Act do not provide an exemption for assignees. Rather, defendant relies on § 13(1)(a) of the FOIA[2] and § 25(9) of the Lottery Act as the basis for redacting assignees personal information.

Section 13(1)(a) of the FOIA provides:

A public body may exempt from disclosure as a public record under this act any of the following:

(a) Information of a personal nature if public disclosure of the information would constitute a clearly unwarranted invasion of an individual's privacy. [MCL 15.243(1)(a)].

According to defendant, reading § 25(9) of the Lottery Act together with § 13(1)(a) of the FOIA leads to the conclusion that the defendant may withhold personal information that belongs not only to individuals who participated in the state lottery, but also individuals who derived a benefit from another person's participation because the invasion of privacy resulting from disclosure would be clearly unwarranted.

"[W]hen a public body refuses to disclose a requested document under the [FOIA], and the requester sues to

---

[1] Plaintiff asserts that under a narrow reading of § 25(9), plaintiff would be entitled to disclosure of: parties captioned on pleadings; case file numbers; the names of prize assignees; the names of spouses of winners in divorce proceedings; a deceased winner's name; names contained in court orders; and winners' names voluntarily revealed in assignment pleadings.

[2] Although defendant's letter denying plaintiff's request did not cite this section, plaintiff was notified of the applicability of the privacy exemption in defendant's affirmative defenses. See *Residential Ratepayer Consortium v Pub Service Comm #2*, 168 Mich App 476, 480-481; 425 NW2d 98 (1987) (a public body may assert for the first time in the circuit court defenses not originally raised at the administrative level).

compel disclosure, the public agency bears the burden of proving that the refusal was justified under the act." *Swickard, supra* at 544. In analyzing a claim of exemption under § 13(1)(a) of the FOIA, this Court must first consider whether the information at issue was of a "personal nature." *Swickard, supra* at 547. If it is determined that disclosure threatens an invasion of privacy, then this Court must determine whether the invasion would be "clearly unwarranted." *Id.*

Turning first to the "personal nature" inquiry, our Supreme Court has noted that this is "a highly subjective area of the law where the Legislature has provided little statutory guidance on the notion of privacy contained in the FOIA." *Id.* at 556. But our Supreme Court has offered the following standard as guidance: "information is of a personal nature if it reveals intimate or embarrassing details of an individual's private life." *Bradley v Saranac Community Schools Bd of Ed*, 455 Mich 285, 294; 565 NW2d 650 (1997). This standard is evaluated "in terms of 'the "customs, mores, or ordinary views of the community". . . .' " *Id.*, quoting *Swickard, supra* at 547.

In addressing this threshold inquiry, in *Mager v Dep't of State Police*, 460 Mich 134, 137-143; 595 NW2d 142 (1999), our Supreme Court reviewed prior Michigan cases that have considered application of the FOIA and, given the guidance provided by those cases, went on to consider the question at issue: whether a citizen's status as a registered handgun owner was information of a personal nature. The *Mager* Court, noting that "[t]he ownership and use of firearms is a controversial subject," concluded that the names and addresses of gun owners was information of a personal nature because release of such information had the potential to endanger the occupants of the household by creating "a

virtual shopping list for anyone bent on the theft of handguns." *Id.* at 143. More specifically, acknowledging the standard it set forth in *Bradley, supra,* i.e., "information is of a personal nature if it reveals intimate or embarrassing details of an individual's private life," the Court stated that the decision to purchase and maintain firearms was "a personal decision of considerable importance." *Mager, supra* at 143. The Court had no doubt that gun ownership was an intimate, and even potentially embarrassing, detail of a one's personal life. *Id.* at 143-144.

As in the present case, *Mager* dealt with the release of personal information belonging to private citizens as opposed to information belonging to individuals operating in a public office or in a quasi-official capacity.[3] Using the analysis in *Mager,* we conclude that the information sought in the present case—the names, etc., of persons who have received lottery winnings by assignment or other judgment—is information of a personal nature. Although the Lottery Act does not make a specific exemption for assignees, the rationale behind the express exemption for actual winners equally supports an exemption for assignees. More specifically, when the exemption provision was added to the Lottery Act,[4] the stated rationale behind exempting the personal information of winners from disclosure was as follows:

> People are often forced to change their lifestyle after they win a lottery. The reporting of prizewinners to the

---

[3] Our Supreme Court also recognized this distinction in *Herald Co v Bay City,* 463 Mich 111, 124-125; 614 NW2d 873 (2000), where the Court discussed the distinction between information relating to persons' private lives and information relating to applications for public jobs; the former being the type of information the exemption is intended to preclude from disclosure, and the latter being the type of information that is reasonably subject to public scrutiny.

[4] See 1988 PA 243, effective July 11, 1988.

public often ensures change in prizewinners' lifestyles. Prizewinners are often exposed in newspapers, and it is not uncommon for friends to treat prizewinners differently once they find out the amount to which the prizewinners are entitled. The bill would provide anonymity for lottery winners and help to avoid unnecessary disruption in their lives. [House Legislative Analysis, HB 4640, August 5, 1988.]

Undoubtedly, assignees of lottery winnings have the same concerns. As is evident from the redacted documents that defendant released pursuant to plaintiff's request, in some instances assignees essentially step into the shoes of the actual winners. Thus, like the actual winners, the assignees suddenly find themselves subject to the same concerns of exposure as the actual winners. Moreover, individuals who receive large sums of money from lottery winnings have the same, if not more significant, concerns as the gun owners in *Mager* because release of such information has the potential to endanger the occupants of the household by creating "a virtual shopping list for anyone bent on" stealing from them. Thus, we conclude that receipt of lottery winnings over $10,000 by assignment is information of a personal nature.

In light of this conclusion, we turn to the question whether "disclosure of the information would constitute a clearly unwarranted invasion of an individual's privacy." *Mager, supra* at 144. The *Mager* Court, noting that "federal law is generally instructive in FOIA cases," explained that the United States Supreme Court has set forth a balancing test to evaluate whether a request for information lies within the scope of an FOIA exemption. *Id.* at 144-145. Under this test, " 'a court must balance the public interest in disclosure against the interest Congress intended the exemption to protect.' " *Id.* at 145, quoting *United States Dep't of Defense v Fed Labor*

*Relations Auth*, 510 US 487, 495; 114 S Ct 1006; 127 L Ed 2d 325 (1994). " '[T]he only relevant public interest in disclosure to be weighed in this balance is the extent to which disclosure would serve the core purpose of the FOIA, which is contributing significantly to public understanding *of the operations or activities of the government.*' " *Mager, supra* at 145, quoting *Dep't of Defense, supra* at 495 (emphasis in original).

Applying that analysis in *Mager, supra* at 146, our Supreme Court found that disclosure of the gun owners' personal information was unwarranted because "fulfilling a request for information on private citizens—a request entirely unrelated to any inquiry regarding the inner working of government, or how well [a state agency] is fulfilling its statutory functions— would be an unwarranted invasion of the privacy of those citizens." See MCL 15.231(2) (setting forth disclosure policy of the FOIA). While acknowledging that Michigan law permits the disclosure of names and addresses under certain circumstances, our Supreme Court was " 'reluctant to disparage the privacy of the home, which is accorded special consideration in our Constitution, laws, and traditions.' " *Mager, supra* at 146 n 23, quoting *Dep't of Defense, supra* at 501.

The same analysis applies in the present case. Here, the information sought is the personal information of private citizens, and disclosure of that information "would be an unwarranted invasion of the privacy of those citizens." *Mager, supra* at 146. Revealing the names, addresses, and other personal information of individuals who receive lottery winnings in amounts of more than $10,000 by assignment or other judgment is "entirely unrelated to any inquiry regarding the inner working of government, or how well [defendant] is fulfilling its statutory functions." *Id.* Therefore, reading

§ 25(9) of the Lottery Act and § 13(1)(a) of the FOIA together leads to the conclusion that defendant did not violate the law when it refused to provide the names, addresses, or other personal information of individuals who by assignment or judgment have received lottery winnings over $10,000. Moreover, as defendant points out, this Court has repeatedly followed the *Mager* Court in protecting the personal information of private individuals from disclosure. See, e.g., *Detroit Free Press, Inc v Dep't of Consumer & Industry Services*, 246 Mich App 311; 631 NW2d 769 (2001); *Larry S Baker, PC v City of Westland*, 245 Mich App 90; 627 NW2d 27 (2001); *Detroit Free Press, Inc v Dep't of State Police*, 243 Mich App 218; 622 NW2d 313 (2000); *Kocher v Dep't of Treasury*, 241 Mich App 378; 615 NW2d 767 (2000).

Accordingly, we conclude that the trial court properly held that defendant did not violate the FOIA by withholding the redacted information in this case because the names, addresses, and other personal information of private individuals who receive, by assignment or other judgment, lottery winnings in the amounts of more than $10,000 are exempt from disclosure as information of a personal nature, the disclosure of which would constitute a clearly unwarranted invasion of an individual's privacy.

In light of this conclusion, we need not address plaintiff's remaining arguments.

Affirmed. No costs, a public question being involved.