*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

LASHAWNA LYNETTE BRANDON,

      Plaintiff-Appellant,

v

THE KROGER CO OF MICHIGAN, a Michigan corporation,

      Defendant-Appellee.

UNPUBLISHED
November 16, 2023

No. 365028
Washtenaw Circuit Court
LC No. 22-000106-NO

Before: BOONSTRA, P.J., and GADOLA and MALDONADO, JJ.

PER CURIAM.

Plaintiff appeals by right the trial court's order granting summary disposition in favor of defendant. We reverse and remand for further proceedings.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

On January 28, 2019, plaintiff and her daughter were shopping at a grocery store owned by defendant. According to plaintiff, she separated from her daughter and went to the produce aisle. Plaintiff noticed "two or three" of the store's employees moving "in and out of the area," using wheeled carts or dollies piled with crates to stock produce. Plaintiff testified at her deposition that she moved toward the "wall" of the aisle to look at the produce, and selected a beet. As she turned away from the wall, plaintiff testified that her right foot collided with a wheeled dolly behind her, causing her to fall. Plaintiff stated that the dolly was not present when she approached the produce wall, and that she looked at the produce for "a few minutes." Plaintiff agreed that the dolly was "right behind" her when she turned around, and was "silver metal with dirt on the wheels."

Plaintiff filed suit against defendant, alleging that she had been injured in the fall. Plaintiff's complaint contained two counts, one for negligence and one for premises liability.

Defendant moved for summary disposition, arguing that plaintiff's claims sounded in premises liability, not ordinary negligence, and also arguing that the hazard alleged to have caused plaintiff's injury was open and obvious. The trial court granted defendant's motion, stating that

-1-

"a case like this is a premises liability case" and holding that the hazard was "an open and obvious condition with no special aspects." This appeal followed.

## II. STANDARD OF REVIEW

This Court reviews de novo a trial court's ruling on a motion for summary disposition. *Zarzyski v Nigrelli*, 337 Mich App 735, 740; 976 NW2d 916 (2021). A party is entitled to summary disposition under MCR 2.116(C)(10) when the evidence does not present a genuine issue of material fact. *Jewett v Mesick Consol Sch Dist*, 332 Mich App 462, 470; 957 NW2d 377 (2020). "A genuine issue of material fact exists when the record, viewed in the light most favorable to the nonmoving party, leaves open an issue upon which reasonable minds might differ." *MacDonald v Ottawa Co*, 335 Mich App 618, 622; 967 NW2d 919 (2021) (quotation marks and citation omitted). The court must consider the pleadings, affidavits, depositions, admissions and other documentary evidence submitted in the light most favorable to the nonmoving party, see MCR 2.116(G)(5); *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 206; 815 NW2d 412 (2012), and must draw all reasonable inferences in favor of the nonmoving party, *Dextrom v Wexford Co*, 287 Mich App 406, 415-416; 789 NW2d 211 (2010). The court may not make findings of fact or weigh credibility in deciding a motion for summary disposition. *Skinner v Square D Co*, 445 Mich 153, 161; 516 NW2d 475 (1994).

This Court reviews de novo issues of law, such as whether plaintiff's claim sounds in premises liability or ordinary negligence. *Kocher v Dep't of Treasury*, 241 Mich App 378, 380; 615 NW2d 767 (2000).

## III. PREMISES LIABILITY

Plaintiff argues that the trial court erred by holding that plaintiff's claims sounded solely in premises liability, not ordinary negligence. Although it is a close question, we disagree.

"Courts are not bound by the labels that parties attach to their claims." *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685, 691; 822 NW2d 254 (2012), overruled in part on other grounds by *Kandil-Elsayed v F&E Oil, Inc*, ___ Mich ___, ___ (2023). Rather, courts must determine the gravamen of an action "by reading the complaint as a whole, and by looking beyond mere procedural labels to determine the exact nature of the claim." *Id.* at 691-692 (citation omitted). In a premises liability case, a defendant's liability "arises solely from the defendant's duty as owner, possessor, or occupier of land." *Id.* at 692 (citation omitted). "If the plaintiff's injury arose from an allegedly dangerous condition on the land, the action sounds in premises liability rather than ordinary negligence; this is true even when the plaintiff alleges that the premises possessor created the condition giving rise to the plaintiff's injury. *Id.*, citing *James v Alberts*, 464 Mich 12, 18-19; 626 NW2d 158 (2001).

In this case, plaintiff alleged that she tripped on a wheeled cart or dolly on the floor of defendant's grocery store. While plaintiff's theory was that an employee moved the cart behind her while she was looking at the produce, she did not allege any direct conduct by an employee that caused her injury. For example, she did not allege that an employee was manipulating the cart when she tripped over it, or that an employee had set a cart in motion that injured her by its movement. Rather, plaintiff's theory was simply that an employee of defendant negligently left

the cart in a place where she would trip on it. In other words, plaintiff theorized that an employee created a hazardous condition on the land, notwithstanding that the creation of this hazard may have occurred mere minutes or moments before plaintiff's fall. This theory sounds in premises liability. See *Pugno v Blue Harvest Farms, LLC*, 326 Mich App 1, 14; 930 NW2d 393 (2018) (holding that the plaintiff's claims regarding his alleged injury from a falling stack of pallets in the defendant's store sounded solely in premises liability, and noting that there was no allegation that defendant or its employees "actively knocked the pallets over or engaged in direct conduct that caused the pallets to fall onto plaintiff."). Although she alleges that defendant's employees created the hazard, that allegation does not alter the gravamen of her claim. *Buhalis*, 296 Mich App at 691. Under these circumstances, the trial court did not err by holding that the gravamen of plaintiff's claim was sounded in premises liability. *Kocher*, 241 Mich App at 380.

IV. OPEN AND OBVIOUS

In premises liability cases, "a plaintiff must prove the elements of negligence: (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach was the proximate cause of the plaintiff's injury, and (4) the plaintiff suffered damages." *Mouzon v Achievable Visions*, 308 Mich App 415, 418; 864 NW2d 606 (2014) (quotation marks and citation omitted). "Questions regarding whether a duty exists are for the court to decide as a matter of law." *Id*. (quotation marks and citation omitted). "The threshold question in a negligence action is whether the defendant owed a duty to the plaintiff." *Fultz v Union-Commerce Assoc*, 470 Mich 460, 463; 683 NW2d 587 (2004). There can be no tort liability if the defendant did not owe a duty to the plaintiff. *Id*.

In general, "a premises possessor owes a duty to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land." *Finazzo v Fire Equip Co*, 323 Mich App 620, 626; 918 NW2d 200 (2018) (citation omitted). An invitee is someone who enters the "property of another for business purposes." *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 597; 614 NW2d 88 (2000).

At the time the trial court decided defendant's motion, *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 516-517; 629 NW2d 384 (2001), overruled in part by *Kandil-Elsayed*, ___ Mich at ___, and its progeny governed claims that a hazardous condition on the land was open and obvious. "A condition of the land is open and obvious when it is reasonable to expect that an average person with ordinary intelligence would have discovered it upon casual inspection." *Finazzo v Fire Equip Co*, 323 Mich App 620, 626; 918 NW2d 200 (2018) (quotation marks and citation omitted). The law at that time provided that the duty a landowner owes to an invitee does not extend to open and obvious hazards, unless "special aspects" of the condition on the land rendered the hazard "unreasonably dangerous" or "effectively unavoidable." *Lugo*, 464 Mich at 516. In other words, absent special aspects, a landowner owed no duty to an invitee to remove or warn them of open and obvious hazards. See *Finazzo*, 323 Mich App at 626.

In *Kandil-Elsayed*, issued while this matter was pending on appeal, our Supreme Court held that *Lugo* "was wrongly decided in several respects and must be overruled." *Kandil-Elsayed*, ___ Mich at ___, slip op at 29. Specifically, the Court held that the issue of the openness and obviousness of a hazard was not to be tied to the determination of a landowner's duty to invitees or other persons on the land. *Id*. at ___; slip op at 29-30. Further, the Court held that the "special

-3-

aspects" exception "created confusion as to what the exceptions to the open and obvious danger doctrine would be." *Id.* at 36. The Court then offered a new framework for premises liability cases, in which the open and obvious nature of a hazard "is relevant to the defendant's breach and the plaintiff's comparative fault." *Id.* at 40. Further, rather than consider whether the hazard possessed special aspects, the fact-finder should consider "whether a land possessor should anticipate harm from an otherwise open and obvious danger" despite its obviousness. *Id.* at 43.

The issue of the retroactivity of *Kandil-Elsayed* is currently before this Court in other cases. We need not address that issue here, however, because we conclude that even under the *Lugo* standard for open and obvious hazards, the trial court erred by holding that the alleged hazard was open and obvious.

Plaintiff testified at her deposition that she entered the produce area and observed employees of defendant stocking shelves and employing carts or dollies with crates on them, and that she heard "employees actively moving around." But she also testified that, when she faced the shelf to examine the beets for sale, there was no dolly or cart directly behind her. She also testified that, as she turned around, her leading leg came into contact with the cart before she finished her first step—in fact, she testified that her first step resulted in her right foot being on top of the cart, which then moved because of its wheels, causing her fall.

Taking this evidence in the light most favorable to plaintiff, as we must, *Joseph*, 491 Mich at 206, this evidence, and the reasonable inferences that may be drawn from it, *Dextrom*, 287 Mich App at 415-416, create a genuine issue of material fact as to whether the hazard that plaintiff alleges caused her fall was reasonably discoverable on casual inspection. *Finazzo*, 323 Mich App at 626. Even in an area where plaintiff had observed the use of carts and dollies, plaintiff did not act unreasonably in turning around and walking away from a shelf of produce she was examining, in an area that had been clear of hazards only moments before. Although defendant argues at length about the lack of "special aspects" to the cart, defendant essentially only argues that the cart was open and obvious because it was readily visible against the floor, rather than camouflaged or hidden somehow. But, although the test is objective, the "reasonable observer" test looks to whether "a reasonable person *in [the plaintiff's] position* would have foreseen the danger." *Kennedy v Great Atlantic & Pacific Tea Co*, 274 Mich App 710, 713; 737 NW2d 179 (2007) (emphasis added). Viewed in the light most favorable to the plaintiff, reasonable minds could differ about whether plaintiff should have foreseen the danger. Although defendant argues that plaintiff could have avoided the danger by "watching her step," plaintiff testified that she had observed that the area behind her was clear only moments before. The trial court was not permitted to judge plaintiff's credibility at the summary disposition stage. *Skinner*, 455 Mich at 161. We do not believe the "reasonable observer" standard requires a person to focus their gaze constantly at their feet for fear of hazards. See *Clark v Kmart Corp*, 249 Mich App 141, 152; 640 NW2d 892 (2002) (stating that "an individual shopping in a self-service store is entitled to presume that passageways provided for his use are reasonably safe, and is not under an obligation to see every defect or danger in his pathway.").

In sum, there was a genuine issue of material fact, under *Lugo* and its progeny, concerning whether the hazard plaintiff alleges to have caused her fall was open and obvious. *Finazzo*, 323 Mich App at 626. The trial court therefore erred by granting defendant's motion for summary disposition. *Zarzyski*, 337 Mich App at 740.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Mark T. Boonstra
/s/ Michael F. Gadola
/s/ Allie Greenleaf Maldonado