*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PAMELA LAVALLIS,

       Plaintiff-Appellant,

v

OAKLAND PHYSICIANS MEDICAL CENTER,
LLC, doing business as PONTIAC GENERAL
HOSPITAL,

       Defendant-Appellee.

UNPUBLISHED
March 9, 2023

No. 359736
Oakland Circuit Court
LC No. 2020-184726-NO

Before: CAVANAGH, P.J., and SERVITTO and GARRETT, JJ.

PER CURIAM.

Plaintiff appeals as of right the order granting summary disposition under MCR 2.116(C)(10) (no genuine issue of material fact) in favor of defendant, Oakland Physicians Medical Center, doing business as Pontiac General Hospital, in this premises liability case. We affirm.

## I. BACKGROUND

Plaintiff, an "operator" at defendant's hospital system, completed her shift at defendant hospital on October 29, 2018, at approximately 7:15 a.m. Feeling unwell, plaintiff decided to visit urgent care at defendant hospital for treatment. As plaintiff was entering the urgent care's ambulance entrance, she tripped and fell over the 3-inch elevated step at the threshold of the door, sustaining injuries to her right foot, knees, and head.

Plaintiff brought negligence and premises liability claims against defendant. Plaintiff claimed defendant was negligent because it breached its duty to maintain a safe premise and warn plaintiff of hazardous conditions, which directly and proximately caused plaintiff's injuries. Plaintiff further claimed defendant breached its duty to plaintiff, as a business invitee, to exercise reasonable care to protect plaintiff from known dangers or dangers it could have discovered, i.e., the threshold step. Defendant claimed the premises were safe and the entrance to the facility was not known to be a hazardous condition. Defendant further denied it negligently maintained the property and argued any condition that existed was open and obvious to plaintiff. Defendant also asserted it had no duty to warn because there was no hazardous condition on the property.

-1-

Defendant ultimately moved for summary disposition under MCR 2.116(C)(10). Defendant argued plaintiff's negligence claim should be dismissed because the complaint related solely to the condition of defendant's land, sounding in premises liability. Defendant further argued its duty to maintain safe premises did not extend to the threshold step because plaintiff used the ambulance entrance to the urgent care on several previous occasions, thus, any allegedly dangerous condition was known to plaintiff. Further, defendant argued the danger of tripping and falling on a step is an open and obvious danger. And, because plaintiff did not argue there were any special aspects of the threshold step that: (1) made it effectively unavoidable, or (2) presented a substantial likelihood of severe injury, plaintiff's premises liability claim should be dismissed with prejudice.

Plaintiff responded that defendant could not rely on the open and obvious doctrine because defendant's negligent maintenance of the threshold step violated numerous statutes and codes. At the very least, plaintiff argued the testimonies of defendant's employees created a genuine issue of material fact whether defendant violated the identified statutes and codes. Plaintiff also argued the threshold step was not open and obvious because at the time plaintiff fell, it was dark outside and despite that plaintiff was paying attention, she was unable to determine the danger of the threshold step. Again, plaintiff claims these facts at least created a genuine issue of material fact precluding summary disposition. Finally, plaintiff argued defendant knew of the dangerous and hazardous nature of the threshold step because defendant's employees previously reported the threshold step presented a hazard to employees and patients, and despite this knowledge, defendant failed to repair the step.

The trial court dismissed plaintiff's negligence claim and found plaintiff's claim, that defendant violated numerous codes and statutes, was without merit because plaintiff failed to articulate adequate legal or factual support for her claims. The trial court, citing numerous cases holding that steps are open and obvious dangers, granted summary disposition because plaintiff (1) did not argue she was unaware of the step at the threshold or that there were any special aspects about the threshold giving rise to a uniquely high likelihood of harm, and (2) present sufficient evidence to create a genuine issue of material fact regarding whether the step was an open and obvious danger. This appeal followed.

## II. STANDARD OF REVIEW

"A trial court's decision [concerning a motion for] summary disposition is reviewed de novo." *Eplee v City of Lansing*, 327 Mich App 635, 644; 935 NW2d 104 (2019). Issues of statutory construction are also reviewed de novo. *Estes v Titus*, 481 Mich 573, 578-579; 751 NW2d 493 (2008). Issues of law are reviewed de novo. *Kocher v Dep't of Treasury*, 241 Mich App 378, 380; 615 NW2d 767 (2000).

A motion for summary disposition under MCR 2.116(C)(10) "tests the factual adequacy of a complaint on the basis of the entire record, including affidavits, depositions, admissions, or other documentary evidence." *Gorman v Am Honda Motor Co, Inc*, 302 Mich App 113, 115; 839 NW2d 223 (2013). The moving party may satisfy its burden under MCR 2.116(C)(10) by "submit[ting] affirmative evidence that negates an essential element of the nonmoving party's claim," or by "demonstrat[ing] to the court that the nonmoving party's evidence is insufficient to establish an

essential element of the nonmoving party's claim." *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996) (quotation marks and citation omitted).

A trial court's grant of summary disposition under MCR 2.116(C)(10) is proper when the evidence, viewed in the light most favorable to the nonmoving party, shows "there is no genuine issue as to any material fact and the moving party is therefore entitled to judgment as a matter of law." *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 5; 890 NW2d 344 (2016). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Richardson v Allstate Ins Co*, 328 Mich App 468, 471; 938 NW2d 749 (2019) (quotation marks and citation omitted).

## III. STATUTORY VIOLATIONS

Plaintiff first argues the trial court erred in granting summary disposition because the open and obvious doctrine of premises liability does not apply when a defendant violates statutes, codes, and ordinances. We disagree.

At the outset, we note that before the trial court, plaintiff argued defendant violated the following provisions of the 2015 International Property Maintenance Code (IPMC): 106.1, 301.2, and 702. For the first time on appeal, plaintiff now claims defendant also violated IPMC provisions 302.3, 304.13, 304.15, and the Michigan Occupational Safety and Health Act (MIOSHA), MCL 408.1009 and MCL 408.1011. Issues raised for the first time on appeal in a civil case are not ordinarily subject to review. *In re Conservatorship of Murray*, 336 Mich App 234, 240; 970 NW2d 372 (2021).

> [T]his Court may overlook preservation requirements if the failure to consider the issue would result in manifest injustice, if consideration is necessary for a proper determination of the case, or if the issue involves a question of law and the facts necessary for its resolution have been presented. However, while an appellate court has the inherent power to review an unpreserved claim of error, our Supreme Court has emphasized the fundamental principles that such power of review is to be exercised quite sparingly and that the inherent power to review unpreserved issues is to be exercised only under what appear to be compelling circumstances to avoid a miscarriage of justice or to accord a criminal defendant a fair trial. [*Id*. at 240-241 (quotation marks and citation omitted).]

We decline to consider plaintiff's arguments regarding her newly raised claims of error.

Because plaintiff preserved her argument as it relates to violations of IPMC 106.1, 301.2; and 702, having specifically raised these alleged code violations in the trial court, *Redmond v Heller*, 332 Mich App 415, 430; 957 NW2d 357 (2020), failure to consider whether defendant violated IPMC 302.3, 304.13, and IPMC 304.15 would not result "in manifest injustice" and are not necessary for a proper determination of plaintiff's case. See *In re Conservatorship of Murray*, 336 Mich App at 240-241. And because it is improper to permit expansion of the record to include arguments that were never presented to the trial court, *Barnard Mfg Co v Gates Performance Engineering, Inc*, 285 Mich App 362, 380-381; 775 NW2d 618 (2009), we decline to consider plaintiff's arguments defendant violated IPMC 302.3; 304.13; and IPMC 304.15.

With respect to her MIOSHA arguments, although plaintiff was an employee at the time her claim arose, plaintiff has not brought her claim as an employee, but instead as a third party.

> MIOSHA and the regulations enacted under MIOSHA apply only to the relationship between employers and employees and therefore do not create duties that run[-]in favor of third parties. Accordingly, MIOSHA does not impose a statutory duty in favor of third parties in the negligence context. Nor do administrative regulations enacted under MIOSHA impose duties in favor of third parties in the negligence context. [*Kennedy v Great Atlantic & Pacific Tea Co*, 274 Mich App 710, 721; 737 NW2d 179 (2007) (citations omitted).]

Plaintiff admits when she sustained her alleged injuries, she was not acting in her capacity as an employee, rather, she was seeking care from defendant as a business invitee. If plaintiff seeks relief under MIOSHA, then plaintiff may bring a separate claim against defendant through the Michigan Occupational Safety and Health Administration in her capacity as an employee, rather than assert her employment-based claim on appeal. Further, plaintiff preserved for review her related claim that defendant violated IPMC 106.1; IPMC 301.2; and IPMC 702. Because consideration of plaintiff's MIOSHA claim is not necessary to properly determine whether defendant is precluded from relying on the open and obvious doctrine, and no "compelling circumstances" exist that would result in a "miscarriage of justice," we decline to consider plaintiff's argument defendant violated MIOSHA. See *In re Conservatorship of Murray*, 336 Mich App at 240-241.

Turning to plaintiff's preserved arguments on appeal, "[i]n a premises liability action, a plaintiff must prove the elements of negligence: (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach was the proximate cause of the plaintiff's injury, and (4) the plaintiff suffered damages." *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685, 693; 822 NW2d 254 (2012) (quotation marks and citation omitted). A landowner's specific duty to a visitor depends on that visitor's status. *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 596; 614 NW2d 88 (2000), as amended (Sept. 19, 2000).

An invitee is someone who enters the "property of another for business purposes." *Id*. at 597. In general, "a premises possessor owes a duty to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land." *Finazzo v Fire Equip Co*, 323 Mich App 620, 626; 918 NW2d 200 (2018) (citation omitted). "However, the possessor of land is not an absolute insurer of an invitee's safety. A premises possessor is generally not required to protect an invitee from open and obvious dangers." *Kennedy*, 274 Mich App at 712-713 (citations omitted). The open and obvious doctrine, however, "cannot be used to avoid a specific statutory duty." *Wilson v BRK, Inc*, 328 Mich App 505, 517; 938 NW2d 761 (2019) (citations omitted).

Plaintiff claims defendant cannot avail itself of the open and obvious doctrine because defendant violated these relevant provisions of the IPMC:[1]

- IPMC 106.1: "It shall be unlawful for a person, firm or corporation to be in conflict with or in violation of any of the provisions of this code."

- IPMC 301.2: "The owner of the premises shall maintain the structures and exterior property in compliance with these requirements, except as otherwise provided for in this code."

- IPMC 702.1: "A safe, continuous and unobstructed path of travel shall be provided from any point in a building or structure to the public way."

Our holding in *Wilson v BRK, Inc*, is instructive on this matter. In *Wilson*, the plaintiff, who used a wheelchair, alleged the defendant's bar had a 3½-inch step at its entrance in violation of various statutes requiring defendant to have a barrier-free entryway. *Id*. at 516-517. The plaintiff offered deposition testimony from a Van Buren Township building inspector the defendant's bar did not meet the barrier-free requirements imposed by statute. *Id*. at 522. This Court found the building inspector's testimony "was sufficient to create a genuine issue of material fact regarding whether the entranceway step violates a statutory duty. . . ." *Id*. at 524.

Here, plaintiff alleged defendant violated IPMC 106.1; IPMC 301.2; and IPMC 702. However, the trial court found, in relevant part: "Plaintiff cites … [the] 2015 International Property Maintenance Code 106.1, 301.2, and 702, but fails to articulate the contents of any of these statutes and/or regulations, nor does Plaintiff articulate how Defendant violated these provisions." The trial court did not err in this regard because plaintiff did not, in fact, articulate the contents of the relevant IPMC provisions or present evidence supporting her argument in the trial court.

On appeal, plaintiff fully articulates IPMC 106.1; IPMC 301.2; and IPMC 702, and has proffered evidence she deems supportive of her statutory and code violation claims: the deposition testimony of defendant's employees, Leato Hardy and Michael Lavalas. Lavalas testified, in relevant part: "To my knowledge [the threshold step] was always that way . . . ." Hardy stated, in relevant part: "[The threshold step] should have been repaired a long time ago," "[b]ecause it's a hazard. It was always a hazard. People always tripped there." Plaintiff avers Lavalas's and Hardy's statements are conclusive proof the threshold step was a "recognized hazard" in violation of the IPMC provisions. However, the determinative testimony in *Wilson* was from the township's building inspector, who had extensive, expert knowledge of the relevant statutes, codes, and ordinances. The same cannot be said of Lavalas and Hardy, who serve as defendant's maintenance worker and security worker, respectively. Lavalas's testimony merely describes the length of time the threshold step existed and Hardy's testimony is a conclusory opinion regarding the hazardous nature of the threshold step. Further, because there was a separate entrance to defendant's urgent care without a threshold step, plaintiff's argument can be distinguished from *Wilson*, where there

---

[1] The City of Pontiac's Building Safety and Planning Department has adopted the IPMC. Therefore, because defendant is located in the City of Pontiac, defendant is subject to the provisions of the IPMC.

was no alternative barrier-free entrance. *Wilson* thus does not offer plaintiff relief and plaintiff presents no other evidence to support her contention. The trial court properly granted summary disposition in defendant's favor as a result. See *Quinto*, 451 Mich at 371-372 (holding that an affidavit that provided "mere conclusory allegations" was insufficient to avoid summary disposition under MCR 2.116(C)(10)).

## IV. OPEN AND OBVIOUS DANGER

Plaintiff next argues the trial court erred in granting defendant summary disposition because there is a genuine issue of material fact whether the danger posed by the threshold step was open and obvious. We again disagree.

> [A] possessor of land owes a duty to exercise reasonable care to protect invitees from dangerous conditions on the land. But this duty does not extend to dangerous conditions that are open and obvious. Put differently, where the dangers are *known to the invitee or are so obvious that the invitee might reasonably be expected to discover them, an invitor owes no duty to protect or warn the invitee. . . .* When the evidence creates a question of fact regarding this issue, the issue is for the fact-finder to decide. [*Estate of Livings v Sage's Investment Group, LLC*, 507 Mich 328, 337; 968 NW2d 397 (2021) (quotation marks and citations omitted; alteration in original, emphasis added).]

Specifically:

> Whether a danger is open and obvious depends on whether it is reasonable to expect that an average person with ordinary intelligence would have discovered it upon casual inspection. This is an objective standard, calling for an examination of "the objective nature of the condition of the premises at issue." *Hoffner v Lanctoe*, 492 Mich 450, 461; 821 NW2d 88 (2012). (citations omitted).

"[I]f special aspects of a condition make even an open and obvious risk unreasonably dangerous, the premises possessor has a duty to undertake reasonable precautions to protect invitees from that risk." *Estate of Livings*, 507 Mich at 338 (quotation marks and citation omitted). There are "two instances in which the special aspects of an open and obvious hazard could give rise to liability: when the danger is unreasonably dangerous or when the danger is effectively unavoidable." *Id*. (quotation marks and citation omitted).

As our Supreme Court explained in *Bertrand v Alan Ford, Inc*, 449 Mich 606, 616-617; 537 NW2d 185 (1995):

> [B]ecause steps are the type of everyday occurrence that people encounter, under most circumstances, a reasonably prudent person will look where he [or she] is going, will observe the steps, and will take appropriate care for his [or her] own safety. Under ordinary circumstances, the overriding public policy of encouraging people to take reasonable care for their own safety precludes imposing a duty on the possessor of land to make ordinary steps "foolproof." Therefore, the risk of harm is not unreasonable.

Additionally, "steps and differing floor levels, such as . . . uneven pavement . . . , are not ordinarily actionable unless unique circumstances surrounding the area in issue made the situation unreasonably dangerous." *Weakley v City of Dearborn Heights*, 240 Mich App 382, 385; 612 NW2d 428 (2000) (quotation marks and citation omitted). A condition is unreasonably dangerous if it gives rise to a uniquely high likelihood of harm or severity of harm if the risk is not avoided. *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 519; 629 NW2d 384 (2001). "[T]ypical open and obvious dangers (such as ordinary potholes in a parking lot) do not give rise to these special aspects." *Id*. at 520. However, the "character, location, or surrounding conditions" of steps could create an unreasonable risk of harm. *Bertrand*, 449 Mich at 617 (quotation marks and citation omitted).

Plaintiff argues summary disposition was improper because defendant failed to demonstrate she had knowledge of the threshold step's dangerous condition. However, plaintiff testified she previously used the same ambulance entrance to urgent care no less than 40 times. Further, plaintiff repeatedly emphasized the dangerous condition of the threshold step "was always that way." It is "reasonable to expect that an average person with ordinary intelligence," who admittedly traversed the threshold step on at least 40 different occasions, would have, with casual inspection, discovered its existence. See *Estate of Livings*, 507 Mich at 337.

Plaintiff further asserts the threshold step was not open and obvious because of its small size and the step is difficult to see in the dark. However, plaintiff fails to acknowledge that Michigan caselaw has consistently held steps and differing floor levels are not actionable unless there are *unique* circumstances that would make the steps unreasonably dangerous. *Bertrand*, 449 Mich at 614 (holding that a step is an open and obvious condition and that liability can only be imposed if something unusual made the condition unreasonably dangerous). Plaintiff has not established that the actual size of the step is uniquely small. Moreover, plaintiff testified at the time she fell, "it was light" and she "could see in front of me, on the side of me, up and down, my peripheral vision was good." And while the threshold step may not have been large, plaintiff's own testimony undermines her claim the step was not open and obvious because of visibility issues.

Further, the ambulance entrance was not plaintiff's only means of accessing the urgent care. The main entrance of the urgent care had no threshold step, thus, the threshold step was not "effectively unavoidable" because there was a separate means of entry. See *Estate of Livings*, 507 Mich at 338. Therefore, because the step was open and obvious and no unique circumstances existed rendering the threshold step unreasonably dangerous or effectively unavoidable, the trial

court properly granted summary disposition to defendant.[2]

Affirmed.

/s/ Mark J. Cavanagh
/s/ Deborah A. Servitto
/s/ Kristina Robinson Garrett

---

[2] Plaintiff additionally argues that the trial court erred in granting summary disposition in defendant's favor because there is at least a genuine issue of material fact whether defendant had notice of the dangerous condition. However, to prevail in a premises liability action, a plaintiff must prove not only the four elements previously identified (duty, breach, proximate causation, and damages), *Buhalis*, 296 Mich App at 693 (quotation marks and citations omitted), a plaintiff must *also* "be able to prove that the premises possessor had actual or constructive notice of the dangerous condition at issue[.]" *Lowrey*, 500 Mich at 8. Because the step was an open and obvious danger with no special aspects, defendant had no duty to plaintiff with respect to the condition. Whether defendant had notice has no bearing on that ultimate issue.